HAROLD EMERSON, Plaintiff, *v.* MARY LINCOLN CANDIES, INC., Defendant.

Supreme Court, Erie County, February 16, 1940.

*Israel Rumizen,* for the plaintiff.

*Garono, Jaeckle & Kelly,* for the defendant.

DESMOND, J.   The suit is to recover $2,456.74, being twice the amount which plaintiff claims is his overtime wages under the Federal " Fair Labor Standards Act " (U. S. Code, tit. 29, chap. 8, §§ 201–219), which act, in paragraph (b) of section 216, makes the employer who fails to pay the mandated overtime compensation liable for the amount thereof, plus an additional equal amount " as liquidated damages," plus an attorney's fee.   The answer, besides denials, contains six alleged separate defenses as against each of which plaintiff moves, asserting each is insufficient in law.

First defense is to the effect that this court has no jurisdiction over the suit because, says defendant, the suit is one for a " penalty * * * incurred under the laws of the United States," of which suits the United States courts have exclusive jurisdiction under section 256 of the United States Judicial Code.   (U. S. Code, tit. 28, § 371.)   The parties join issue on this question, plaintiff citing *Cox* v. *Lykes Bros.* (237 N. Y. 376 [cited by the U. S. Sup. Ct.

in *Collie* v. *Fergusson*, 281 U. S. 52, 54]) as authority that the suit is not one for such a penalty. I do not think that the sufficiency of the defense depends on the answer to this question because in the statute we are now considering (U. S. Code, tit. 29, § 216) there is an express provision that suits may be brought " in any court of competent jurisdiction," and this provision, not section 371 of title 28 of the United States Code, covers the point. This court is one " having power and authority at the time of acting to do the particular act " (1 Words & Phrases [5th Series], p. 1078), that is, to pass on the particular matters in suit between these particular parties, and so, regardless of the question of penalty or not, it is clear that Congress conferred on this court jurisdiction to hear this cause. Practical reasons dictated such a provision, for it would be extraordinary for Congress to order such suits, often for small amounts, to be heard by the Federal courts only. *Cox* v. *Lykes Bros.* (*supra*) concerned a statute (U. S. Code, tit. 46, § 596) much like the one before us here, allowing, as it did, double wages to a seaman who was not paid on his proper pay day, but that statute said nothing specific as to the jurisdiction of courts, and so the question was as to the applicability of section 371 of title 28 of the United States Code, giving the Federal courts exclusive jurisdiction in actions for penalties under United States statutes. Judge CARDOZO wrote that such a suit was not one for a penalty. The only case found which construes section 16, paragraph (b), of the Federal Fair Labor Standards Act of 1938 (U. S. Code, tit. 29, § 216, ¶ [b]) holds that the Municipal Court of New York city has jurisdiction of a suit like the one before us, citing *Cox* v. *Lykes Bros.* (*Moreno* v. *Picardy*) (308 U. S. ——).

The first defense is stricken out as insufficient.

Second defense sets forth that from a date prior to the enactment of the Federal Wage Hour Law to a date subsequent thereto plaintiff was employed by defendant as a stationary engineer under a contract whereby he was to devote such time as was necessary to the duties of a stationary engineer at a fixed weekly wage. These allegations are somewhat indefinite as to the terms and duration of the alleged contract, but I do not think that in any event the mere allegation that the relationship between the parties was contractual constitutes a defense to such a suit as this. Assuming that the employee was one of the class and engaged in an occupation covered by the statute, as we must assume in passing on the legal sufficiency of the defense, I do not see how the existence of a contract in itself prevents the application of the statute. It has been the law for many years, at least since *Holden* v. *Hardy* (169 U. S. 366), that statutes regulating hours of labor may be upheld as an exercise of police power even though to an extent they prevent

the free making of contracts or contravene existing contracts. (*West Coast Hotel Co.* v. *Parrish*, 300 U. S. 379, 392.)

The defense is insufficient in law and the motion must be granted as to it.

Third and fourth defenses: These allege that plaintiff was engaged in an executive capacity (third defense) or in a professional capacity (fourth defense), and so his employment, allegedly, is exempted from the operation of the act by section 13, paragraph (a), clause 1 thereof. (U. S. Code, tit. 29, § 213, ¶ [a], cl. [1].) Whatever the facts may turn out to be, these defenses for pleading purposes are sufficient.

Fifth defense: Here it is alleged that after an investigation by the United States Department of Labor, at a time not specified, and after auditors from that department had found that the amount due plaintiff from defendant for overtime was $827.22, defendant, according to his allegation, offered that amount to plaintiff, but plaintiff refused it; defendant in this same paragraph offers to confess judgment to plaintiff for $827.22. Is it a defense to a suit under paragraph (b) of section 16 (*supra*) of the act that the employer, after a Federal official computed the overtime, offered to pay that same amount? We note that paragraph (b) of section 16 (*supra*) imposes criminal penalties for *willful* violations, while paragraph (b) of section 16 (*supra*) provides for the recovery of the additional moneys for any violation, willful or not. Compare the statute above referred to, which gives a seaman extra wages if not paid in time (U. S. Code, tit. 46, § 596). Congress in that statute enacted that the additional amount was to be recovered by the employee only if the failure to pay was " without sufficient cause." (*Collie* v. *Fergusson*, 281 U. S. 52, 55.) No such limitation is found in the act we are considering here, and we cannot write one in. Apparently the failure to pay the mandated overtime gives rise to liability under paragraph (b) of section 16 (*supra*) forthwith. The defense is, therefore, insufficient. The offer of judgment included in this alleged defense is technically insufficient (Civ. Prac. Act, §§ 177, 179), but defendant may have a provision in the order to be entered hereon permitting service of an amended offer.

Sixth defense alleges unconstitutionality of the Federal Wage Hour Law. No decision of an appellate court on this question is cited in the briefs although several Federal District Courts are said to have held the act valid. It would be presumptuous for this court to hold otherwise unless unconstitutionality clearly appeared, and it does not so appear. It seems much more likely that it is constitutional, following through the logic of *West Coast Hotel Co.* v. *Parrish* (300 U. S. 379). It is a carefully-drawn statute, its objectives as set forth in its " Declaration of policy " seem proper ones, and the means of achieving them seem lawful. The defense is stricken out.