LEWIS et al. v. NAILLING et al.

No. 68 Civ.

District Court, W. D. Tennessee, E. D.
Oct. 5, 1940.

Morris Miles and Charles Miles, III, (of Miles & Miles) both of Union City, Tenn., for plaintiff.

Murchison & Manhein, of Jackson, Tenn., for defendants.

MARTIN, Circuit Judge.

This is a court action brought by Tommie Lewis and another against W. A. Nailling and others, individually, and as partners, doing business under the partnership name and style of Nailling Mill and Lumber Company, to recover additional wages, liquidated damages, and attorney's fee under the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq.

The defendants, operating a plant at Union City, Tennessee, were engaged in variegated business embracing both wholesale and retail operations. In approximate estimation, sixty per cent of their business was retail; forty per cent, wholesale.

The wholesale business of the defendants was exclusively the processing or blending of flour and the manufacture of meal and feedstuffs, and the sale of these products.

During the period with which the court is concerned, the volume of the intra-Tennessee sales of defendants amounted to $210,413. Their out-of-state sales totalled only $3,216, of which $2,529.86 was received from wholesale business. $1,296 of the latter amount was derived from sales at the mill in Union City, Tennessee.

The defendants, however, bought $33,825 of flour and feedstuffs and shorts, and a quantity of lumber, cement and other building materials outside the state of Tennessee.

The plaintiff was a regular employee of the defendants from October 24, 1938 and prior thereto, to June 6, 1940, with the exception of a period of six weeks between April 15, 1939, and May 29, 1939. He was employed by defendants chiefly as a truck driver to make deliveries from the plant at Union City, Tennessee, to points within Tennessee; but, as a part of his employment, plaintiff made occasional deliveries of his employers' commodities into the state of Kentucky. The defendants paid to the

City of Hickman, Kentucky, a license tax for the privilege of operating a truck.

During the entire period of the plaintiff's employment the defendants made only one truck delivery per week of their products into Kentucky. The plaintiff was never a regular driver of this weekly truck. Indeed, it appears that he drove the truck into Kentucky only about six times. He served as helper, however, on additional truck trips into that state.

The evidence reveals that it was the duty of the plaintiff, in the course of his employment, to serve as a "handyman" or general utility laborer around the plant of defendants, and to do such labor as he was directed by his employers to do. Among other activities, plaintiff was required to load flour and meal and goods upon trucks for transportation into Kentucky and to points throughout Tennessee; to unload from railway cars and to deliver at the plant of defendants flour and feedstuffs shipped from without the state of Tennessee, and to sack flour, and to tie bags of meal and flour.

Among other defenses, the defendants urge that the plaintiff should be cast because he failed to make any demand for unpaid wages or overtime compensation before instituting this suit, and because the plaintiff anticipated bringing this action while he was still in the employ of the defendants even to the point of gathering evidence for such purpose. These circumstances are deemed immaterial. No provision of the Fair Labor Standards Act, either in terms or by necessary implication, bars plaintiff's action on account of such conduct.

On the above state of facts, and on the whole record, the court concludes that:

(1) The defendants were engaged in commerce and in the production of goods for commerce, within the meaning and intent of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq.

(2) The plaintiff as an employee of the defendants was engaged in commerce and in the production of goods for commerce, within the intent and meaning of the Fair Labor Standards Act.

(3) During the period of plaintiff's employment, the defendants were subject to the provisions of such Act, including Sections 6(a) and 7(a) thereof.

(4) The plaintiff is entitled to recover the sum of $473.85 for wages earned by him over and above the amount paid him by the defendants during the period of his employment. Attorneys for the contending parties have stipulated that such is the correct amount of wages due plaintiff if he is entitled to a recovery.

(5) Pursuant to the provisions of the Fair Labor Standards Act, the plaintiff is entitled to recover an additional like sum of $473.85 as liquidated damages.

(6) In further conformity with the express provisions of the Act, the plaintiff is allowed recovery against the defendants of the further sum of $200, as a reasonable attorney's fee to be paid by defendants as compensation to plaintiff's attorneys.

Judgment is rendered as herein stated and the costs of the cause will be paid by the defendants.