FLEMING, Administrator of the Wage and Hour Division, United States Department of Labor, v. WARSHAWSKY & CO. et al.

No. 1874.

District Court, N. D. Illinois, E. D.

Nov. 22, 1940.

shawsky and Maurice Mann, and each of them, to show cause why they should not be adjudged guilty of contempt of court:

And the court having examined the records and files in said cause and having heard the testimony of witnesses in open court, both those produced on behalf of petitioner and those produced on behalf of respondents, and having heard arguments of counsel, now makes the following findings of fact:

(1) On July 15, 1940, a judgment was entered in the above-entitled cause restraining the respondents Warshawsky & Co. from violating certain terms and provisions of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq. Said judgment further provided: "Further ordered, adjudged and decreed that the stipulation made this day between the parties hereto and filed herein be, and it is hereby incorporated in and made a part of this judgment and that defendants do and perform each and every act and thing set forth in the said stipulation."

Said stipulation provided, among other things:

"Defendant will pay to each of its employees employed in and about its place of business, located at 1900 South State Street, in the City of Chicago, Illinois, or elsewhere, since October 24, 1938, a sum of money equal to the difference between the amounts of wages actually paid each such employee for his employment during the said period and the amounts each such employee should have been paid had he been compensated for his said employment at the minimum and overtime rates of pay as required by Sections 6 and 7 of the Fair Labor Standards Act of 1938.

"Defendant, within thirty (30) days hereof, will pay to its employees pursuant to the provisions of this paragraph, one-ninth (1/9) of such sums in accordance with the schedule prepared by plaintiff, the balance to be paid in eight (8) equal monthly installments."

The respondent I. R. Warshawsky was president, Roy Warshawsky was secretary and Maurice Mann was manager of the parts department of the defendant Warshawsky & Co.

(3) The respondents, and each of them, had full knowledge of the issuance of this judgment and of its contents and terms.

(4) No paper, memorandum or schedule of the names of the employees of the re-

Alexander Elson, Regional Atty., Wage and Hour Division, U. S. Department of Labor, of Chicago, Ill., for plaintiff.

Philip R. Toomin, of Chicago, Ill., for respondents.

WOODWARD, District Judge.

This matter coming on to be heard on an application by plaintiff for a rule to show cause directing the respondents Warshawsky & Co., I. R. Warshawsky, Roy War-

spondent, Warshawsky & Co., was ever filed in the files of the above-entitled cause, nor spread of record on the records of said cause; but a schedule containing the names of the employees of the respondent, Warshawsky & Co. and the amount payable to each employee was prepared and agreed to and submitted to the respondent, Warshawsky & Co.

(5) No execution was ever issued on the judgment so entered on July 15, 1940.

(6) The respondent, Warshawsky & Co., have, at all times, been willing and able to pay to the several employees whose names appeared on said schedule, the amount due to said employees, respectively, but after said schedule was prepared and delivered to said respondent, Warshawsky & Co., twelve of said employees whose names were on said schedule, at the suggestion of respondents, waived their respective claims, endorsed company checks issued to them for the full amount of their respective claims, and executed receipts for the amount due to them, respectively, which said checks have never been cashed or cleared by said respondent, Warshawsky & Co.

(7) The waivers of receipt of their respective claims were made voluntarily and without coercion.

(8) Three of the persons named in said schedule declined to waive their claims and were paid the full amount thereof, are still in the employ of said respondent, Warshawsky & Co., and have suffered no discrimination because of their action.

(9) The respondent, Warshawsky & Co., offered in open court to pay to any employee who has waived his or her claim the amount thereof upon demand.

Upon the above and foregoing findings of fact, the court states the following conclusions of law:

(1) That part of the judgment entered on July 15, 1940, hereinabove quoted is held void or unenforceable because of want of certainty.

(2) If, on the other hand, said judgment should be valid, then a proceeding by contempt is not proper but said judgment should be enforced by means of an execution at law.

(3) The employees of respondent, Warshawsky & Co., in whose favor the award was made were the beneficiaries of a money award and they had the legal right in the absence of coercion or fraud on the part of the respondent, Warshawsky & Co., to decline the benefit of such award and the respondent, Warshawsky & Co., had the legal right to accept, in the absence of coercion or fraud, the waiver by said employees of the award due to said employees, respectively.

(4) Even though a proceeding by contempt of court is a proper procedure, the injunctional order of this court entered July 15, 1940, has not been violated by the respondents, or any of them.

(5) The rule to show cause should be discharged and the petition for the rule should be dismissed.