## COLAN v. WECKSLER.

District Court, S. D. New York.
May 15, 1942.

George M. Aronwald, of New York City, for plaintiff.

Jule L. Maisel, of Brooklyn, N. Y., for defendant.

GODDARD, District Judge.

■ Plaintiff moves for an order striking from defendant's answer two affirmative defenses upon the ground that they are insufficient in law and do not constitute defenses to the action. Under Rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, a motion of this nature is one to dismiss the defenses and the court will consider it as such.

This action was instituted under the provisions of § 16(b) of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 216(b), to recover unpaid overtime compensation. Defendant denies that plaintiff was employed overtime or that any salary or compensation is due him.

As a first affirmative defense defendant alleges in substance that plaintiff was fully compensated for his services; that he was not required to work overtime; that he made no demand for additional compensation nor was any claim ever made by him that defendant violated the Fair Labor Standards Act of 1938 until the commencement of this action; that an agreement was reached between the defendant and the Wage and Hour Division of the United States Department of Labor whereby plaintiff was to receive $28.45 as additional compensation and that it was not until after the agreement was reached that plaintiff commenced his suit.

■ The issue as to whether or not plaintiff did in fact work overtime for which he was not compensated is raised by the denials in the answer. It was not necessary to repeat these denials in an affirmative defense. Nor was a demand for payment necessary before commencement of suit. Lewis v. Nailling, D.C., 36 F.Supp. 187. The fact that the Wage and Hour Division of the United States Department of Labor found that plaintiff should be paid additional wages does not preclude him from suing under Section 16 of the Act. Emerson v. Mary Lincoln

Candies, Inc., 173 Misc. 531, 17 N.Y.S.2d 851, affirmed 261 App.Div. 879, 26 N.Y.S.2d 489. The defense is therefore insufficient and is dismissed.

In the second affirmative defense defendant alleges that he is ready and willing to pay the $28.45 found by the Department of Labor to be due the plaintiff, but that plaintiff refused to accept this amount, whereupon it was paid into court. This defense is likewise insufficient and is dismissed. Emerson v. Mary Lincoln Candies, Inc., supra.

Motion to strike the "First" and the "Second" affirmative defenses is granted.

Settle order on notice.