## RIGOPOULOS et al. v. KERVAN.

District Court, S. D. New York.
Sept. 29, 1942.

Charles R. Katz, of New York City, for plaintiffs.

Alger, Peck, Andrew & Rohlfs, of New York City, for defendant.

CONGER, District Judge.

Plaintiffs move to strike from the answer two affirmative defenses upon the ground that they fail to allege facts sufficient to constitute defenses to this action.

This is an action under § 16(b) of the Fair Labor Standards Act of 1938, 29 U.S. C.A. §§ 201–219, to recover unpaid overtime wages, liquidated damages for failure to pay such wages and reasonable attorneys fees. The defendant denies that the plaintiffs were employed in excess of the hours prescribed in the statute or that any overtime wages or liquidated damages are due them.

An attempt is made in the two defenses in question to plead an accord and satisfaction. In one it is alleged that six of the plaintiffs were employed by the defendant on or about October 24, 1938; that the Administrator of the Wage and Hour Division of the United States Department of Labor commenced an action on behalf of these and all other employees for an injunction restraining the defendant from violating the Fair Labor Standards Act; that during the course of such action the defendant agreed to pay to these six employees the differences between the wages actually paid to them for the period from October 24, 1938, to January 29, 1941, and the wages which said employees should have been paid under the Act; that a consent judgment was entered to that effect; and that the

six plaintiffs accepted such payments in full satisfaction of their respective claims and signed receipts to that effect. The second defense alleges that two of the plaintiffs were not included in the aforesaid consent judgment but that nevertheless they were also paid the difference in wages.

No facts are pleaded for the purpose of showing that there was an honest dispute between the plaintiffs and the defendant as to whether the plaintiffs did work overtime within the purview of the Fair Labor Standards Act, or as to the amount of such overtime. In the absence of such allegations, the defense of accord and satisfaction is insufficient. Campbell v. Mandel Auto Parts Corp., Sup., 31 N.Y. S.2d 656, affirmed 264 App.Div. 701, 34 N.Y. S.2d 405. On the contrary, the facts pleaded tend to show that there was no such dispute. In paragraph 21 defendant alleges that in the action instituted by the Administrator of the Wage and Hour Division, he agreed to pay the plaintiffs the amounts which should have been paid under the Act. Thus, the defendant admitted that the plaintiffs had worked overtime and admitted that for such overtime work they should have been paid the amounts set opposite their names.

The plain and simple issue presented here by the affirmative defense sought to be struck, is whether or not the employer having paid plaintiffs the overtime pay due them may be relieved from the payment of the equal amount as liquidated damages.

The fact that an action was commenced against defendant by the Administrator of the Wage and Hour Division and that the action was compromised has no bearing on this controversy. That action was for an injunction. The present plaintiffs were not parties to it. Any settlement thereof did not bind these plaintiffs who by the settlement received the difference between the amount of wages actually paid and the amount each would have been entitled to had the employer paid compensation for overtime pursuant to 7(a) of the Act.

At the time the employer paid these amounts he was already indebted to each employee to double such amount. Emerson v. Mary Lincoln Candies, Inc., 173 Misc. 531, 17 N.Y.S.2d 851, affirmed 287 N.Y. 577, 38 N.E.2d 234. Acceptance by the employee of this wage restitution made by the employer, even though made at the instance or suggestion of the Wage and Hour Divi-

sion, does not bar recovery of the additional amount as liquidated damages. If a worker is employed in excess of the specified hours without receiving the prescribed payment he is entitled to twice the amount of the under payment. This provision of law giving the right to liquidated damages is mandatory and not discretionary. An employee may not bargain this right away. There must be full payment under the statute.

The employee may not give a valid release of his rights against the employer in consideration of receiving payment of an amount less than that provided by statute. Campbell v. Mandel Auto Parts Co., supra; Fleming v. Warshawsky & Co., 7 Cir., 123 F.2d 622; Travis v. Ray, D.C., 41 F.Supp. 6.

The question of good faith does not enter into the situation. Neither may I consider the hardship of the application of the rule in this case. The language of the statute is clear and mandatory and leaves me with no discretion. Missel v. Overnight Motor Transportation Co., Inc., 4 Cir., 126 F.2d 98; Thompson v. Daugherty, D.C., 40 F.Supp. 279.

Motion to strike is granted. Settle order on notice.