### In re FULNAU CORPORATION.

District Court, S. D. New York.

March 4, 1943.

Van Vorst, Siegel & Smith, of New York City (Lewis A. Spence, of New York City, of counsel), for trustee.

Kaufman & Cronan, of New York City, for Nauful Corporation.

GODDARD, District Judge.

This is a motion by Victor M. Tyler, trustee, under Chapter X of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq., of the Fulnau Corporation for an order directing the Nauful Corporation (later referred to as the New Company), a corporation organized pursuant to the plan of reorganization of the Fulnau Corporation, to pay a judgment entered against the trustee, or to furnish him with funds to satisfy the judgment.

On July 14, 1939, Mr. Tyler, as trustee, took over and operated the building at 98–102 Nassau Street, this city, and continued to operate it until May 2, 1940, when, pursuant to the reorganization plan adopted, the trustee turned over the building to the New Company and assigned all his right, title and interest in and to the rents and funds on hand except a small amount of cash with which to pay certain outstanding bills. The plan of reorganization also provided that any deficiency between the income from the rents and the cost of operation during the trusteeship was to be made available to the trustee by the New Company.

There was an elevator in the building operated by one Smith whose wages the trustee continued to pay regularly until the building was turned over to the New Company.

On June 1, 1942 the Supreme Court [Arsenal Building Corp. v. Walling, 316 U.S. 517, 62 S.Ct. 1116, 86 L.Ed. 1638] affirmed the decision of the Circuit Court of Appeals of this Circuit in Fleming v. Arsenal Building Corporation, 125 F.2d 278, holding that the Fair Labor Standards Act of 1938, 29 U.C.S.A. § 201 et seq., was applicable to employees engaged in the maintenance and operation of a building whose tenants are engaged principally in the production of goods for interstate commerce. On June 18, 1942 Smith obtained a judgment for the sum of $630.60 in the Municipal Court of the City of New York against Mr. Tyler, as trustee, under Section 16 of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 216, which provides that where an employee, engaged in interstate commerce, worked more than certain specified hours, he shall be paid for such overtime at the rate of one and

one half the regular rate, and if the employer has failed to do so the employer shall be liable for double such time and one half. No attorney fee was included in the judgment.

The trustee not having the necessary funds made a demand upon the New Company for the money with which to pay this judgment, or that the New Company satisfy the judgment as a deficiency incurred in the operation of the building.

The New Company has refused this demand and contends that this judgment is not an indebtedness incurred in the operation of the building; also that the judgment includes a penalty which is not properly an expense incurred in its operation. It is not contended that the services of Smith were unnecessary.

The trustee cannot, it seems to me, be charged with neglect in the matter, for Smith made no claim for further compensation while the trustee was operating the building. It was not until Smith brought suit in January, 1942, upwards of a year and a half after the building had been turned over to the New Company and after the decision in Fleming v. Arsenal Building Corporation had been rendered by the Supreme Court, that Smith made any claim. The trustee had not previously understood nor been advised that Smith came within the provisions of the Fair Labor Standards Act.

■ There can be no doubt but that the expense for the services of an elevator man was an indebtedness incurred in the operation and management of the building; also that if it later appeared that the employee had not received his wages in full for the period he was in the employ of the trustee and the trustee was without the necessary funds to meet the obligation, the trustee could, under the agreement, call upon the New Company for the deficiency.

■ The objection of the New Company that the judgment includes a "penalty"— that is double the time and a half rate— which does not constitute a proper indebtedness incurred in the operation of the building, is not well founded. To support this contention it cites several decisions holding that "penalties" and "fines" are not deductible operating expenses for tax purposes. But Section 16(b) under which Smith's judgment must have been obtained, reads "Any employer who violates the provisions of Section 6 or Section 7 of this Act shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as *liquidated damages.* * * *" (Italics mine.)

In Overnight Motor Transp. Co. v. Missel, 316 U.S. 572, 62 S.Ct. 1216, 86 L. Ed. 1682, in passing upon certain provisions of the Fair Labor Standards Act, it was stated, "The liquidated damages for failure to pay the minimum wages under sections 6(a) and 7(a) are compensation, not a penalty or punishment by the Government." 316 U.S. at page 583, 62 S.Ct. at page 1223, 86 L.Ed. 1682.

In Cox v. Lykes Brothers, 237 N.Y. 376, 143 N.E. 226, a seaman brought an action to recover wages under the provisions of Section 4529 of the United States Revised Statutes, 45 U.S.C.A. 596, which statute provided that if wages were not paid when due and the delay was without sufficient cause, the owner or master should pay a sum equal to two days pay for each day during which payment was delayed. The Court of Appeals in an opinion by Cardozo, J., held that it was not a suit for a penalty and that the extra compensation which was payable to the seaman was payable to him as wages. As Judge Cardozo said of the statute that court had under consideration the predominant purpose of the statute was not punishment for the master or owner, but compensation for the seaman. So here the predominant purpose of the Fair Labor Standards Act was not punishment for the owner, but compensation for the employee.

In Emerson v. Mary Lincoln Candies, Inc., 173 Misc. 531, 17 N.Y.S.2d 851, it was held that a suit to recover twice the amount of pay for overtime work under Section 16(b) of the Fair Labor Standards Act, 29 U.S.C.A. § 216(b), was not a suit to enforce a penalty. Affirmed 261 App.Div. 879, 26 N.Y.S.2d 489, affirmed 287 N.Y. 577, 38 N.E.2d 234.

■ Smith's judgment represents an indebtedness incurred by the trustee in the operation of the building and under the agreement the New Company is liable for such deficiency.

The motion is granted and Nauful Corporation (the New Company) is ordered to furnish Victor M. Tyler, as trustee, the

funds with which to pay said judgment with interest, or to satisfy the judgment and to deliver a certificate of satisfaction to the trustee.

Settle order on notice.