## UNITED STATES v. JOHNSON.

### No. 747.

District Court, W. D. New York.
Oct. 15, 1943.

· George L. Grobe, U. S. Atty., of Buffalo, N. Y. (John K. Carroll, Regional Atty., of New York City, C. Ira Funston, Senior Atty., of Washington, D. C., and John E. Lynch, Associate Atty., Office of the Solicitor, U. S. Dept. of Labor, of Syracuse, N. Y., of counsel), for the United States.

Hornburg, Andrews & Wade, of Olean, N. Y., for respondent.

KNIGHT, District Judge.

This matter comes up on the return of an order directing one Homer D. Johnson, doing business as Johnson's Home Bakery, to show cause why he should not be punished for criminal contempt of this court for his failure and refusal to obey the judgment of this court.

On or about July 12, 1941, the then Administrator of the Wage and Hour Division of the Department of Labor brought suit against the above-named respondent to enjoin and restrain him from the violation of certain sections of the Fair Labor Standards Act of 1938, Chapter 676, 52 Stat. 1060, 29 U.S.C.A. § 201 et seq. On or about July 14, 1941, final judgment in such action was granted, consented to by the respondent, permanently enjoining and restraining him from the violation of such Act and further directing him to pay to certain of his employees an aggregate of $2,058.82, which sum was equal to the difference between the amount of wages actually paid such employees and the amounts they should have been paid at the minimum and overtime rates of pay required by Sections 6 and 7 of said Act.

Upon the return of such order to show cause certain proofs were taken and submission made to the court. The uncontradicted facts are that respondent did not pay such employees any of the wages directed to be paid by the aforesaid judgment, save in the instance of one employee whom he paid one-half of the amount due to him as in said judgment directed; that in the instance of each employee, save the one to whom reference was last-above made, each signed a receipt and endorsed a check issued by the respondent and either returned the check to respondent without having cashed it or returned the proceeds therefrom to respondent. In the excepted instance receipts for the full amount due the employee were signed and returned to respondent, checks for the full amounts delivered to the employee who retained those aggregating one-half the amount due him and he returned the balance to respondent. It is uncontradicted that respondent made a compromise with this employee by which one-half of the amount due was to be paid, and the employee was to retain the other one-half.

It is the respondent's contention that by the procedure hereinbefore shown he fully complied with the provision of the aforesaid judgment. This position can not be sustained either on reason or authority. The clear purpose of the aforesaid Act would be thwarted and subverted were this contention upheld. The relations of employer and employee are such that the latter could easily be misled through fear or influence to the total loss of his rights under the Act. It is wholly inconsistent with the end sought to be accomplished.

It matters not that the acts of the employees were voluntary. Their rights could not be waived.

Fleming v. Warshawsky & Co., 7 Cir., 123 F.2d 622, 626, reversing D.C.N.D.Ill., 36 F.Supp. 138, is directly in point. There the contention was made "that the employees entitled to restitution had a right to waive the same so as to protect the defendants and relieve them from the obligation imposed by the Act and judgment." The Court held the defendants in contempt and in so holding said: "Waivers in advance of employment are no different in substance or effect than waivers of back pay for past employment. In both situations, the employers pay, and the employees receive, less than the statutory compensation. In each situation, the statutory requirements and the purposes of the legislation are ignored." United States ex rel. Johnson v. Morley Const. Co., 2 Cir., 98 F. 2d 781, 789, certiorari denied Maryland Casualty Co. v. United States, 305 U.S. 651, 59 S.Ct. 244, 83 L.Ed. 421, which went up on appeal from this court to the Second Circuit, presented a comparable situation. There it was contended that laborers could waive their right to recover the difference between the wages paid and the prevailing wage required by statute. The court on appeal said: "But the statute, which forbad any contract that did not protect them

[laborers], forbad any release—another contract—which deprived them of the protection so granted, * * * we are satisfied that the statute cannot be circumvented by so easy a device. * * * To this end it was as necessary to deny them [laborers] the power to bargain away their privilege after they had performed their labor, as before." While another statute, than the one here, was under consideration, the language quoted is definitely applicable in the instant proceedings. Wilkinson v. Noland Co., D. C., 40 F.Supp. 1009; Travis v. Ray, D.C., 41 F.Supp. 6; Hutchinson v. William C. Barry, Inc., D.C., 44 F.Supp. 829; Rigopoulos v. Kervan, D.C., 47 F.Supp. 576, each definitely held that the employer's failure to pay the full amount of wages required by the Fair Labor Standards Act to be paid can not be waived. There are numerous New York State decisions to the same effect. Further citation is unnecessary.

█ Under the undisputed facts in this case the conclusion is inescapable that the respondent has not complied with the provisions of the judgment.

█ It is further asserted that the respondent is not liable for criminal contempt, because he acted in good faith. Section 16(a) of the Fair Labor Standards Act of 1938 provides that "Any person who willfully violates any of the provisions of section 15 shall upon conviction thereof be subject to a fine of not more than $10,000, or to imprisonment for not more than six months, or both." Section 15(a) (2) makes unlawful the violation of Sections 6 and 7 of the Act with which respondent was charged in the suit resulting in the aforesaid judgment. The basis of respondent's claim of good faith is that he acted in reliance of an opinion in the Federal District Court in Fleming v. Warshawsky & Co., supra, holding that employees could voluntarily waive payment of back pay. However, this decision was reversed in November, 1941, nearly two years before these proceedings were instituted, and in that long interim respondent did nothing to correct his illegal acts. Further, United States ex rel. Johnson v. Morley Const. Co., supra, was decided in 1938. Moreover, such reliance would not relieve the respondent from obeying the judgment against him.

The question of good faith does not enter into the matter. Rigopoulos v. Kervan, supra. At the most it could only be considered in mitigation of punishment. United States v. Sullens, D.C., 36 F.2d 230.

█ In addition to the proof of the methods employed by respondent in avoiding the payment of the wages in full and the fact that he made no effort to correct his wrongful acts after the reversal in the Fleming case, the evidence shows lack of good faith in the transactions with one employee through which he paid half the over-time wage and obtained receipts for the full amount. These receipts bore various dates, but were executed at one time. They were sent to the Wage and Hour Division with the evident intention of showing fulfilment of the terms of the judgment which permitted instalment payments. Further, the evidence shows that respondent deducted from his own income tax return the amount of money directed to be paid to employees. I conclude that respondent willfully violated the terms of the aforesaid judgment.

A stipulation which was entered into by the respondent and incorporated in the judgment by reference required respondent not only to pay certain employees for wages unpaid prior to the entry of judgment, but also required respondent to pay employees thereafter employed in accordance with the provisions of Fair Labor Standards. It is the government's claim that in the instance of one employee so employed respondent violated the provisions with respect to payment for over-time and also failed to keep books and records as required by the said stipulation and by Section 11(c) of the Act. There is a sharp conflict in the evidence with respect to these alleged violations, and I am not satisfied that the government has sustained its burden of proof with respect to them. This charge is accordingly dismissed.

I find that respondent willfully violated the terms of the judgment entered against him as respects employees employed before such entry.

█ I impose a fine of $200, and also direct that he pay to the employees named in the schedule included by reference in the judgment the amount so directed to be paid. 16(b) of the Act is mandatory.