CHARLES CASSESE et al., Plaintiffs, *v.* MANUFACTURERS TRUST COMPANY, Successor by Merger to the MORTGAGE CORPORATION OF NEW YORK, as Trustee for Certificate Holders under BOND & MORTGAGE GUARANTEE COMPANY, No. 170,968, Defendant.

City Court of New York, Special Term, New York County, October 26, 1943.

*Milton M. Mokotoff* for plaintiffs.

*Newman & Bisco* for defendant.

BYRNES, Ch. J. Motion to strike out the affirmative defenses is granted. Paragraphs 5 to 10, inclusive, are stricken from the answer.

The invalidity of both of the alleged separate and complete defenses (paragraphs 7 and 10 of the answer), asserting a release but not alleging facts to show the existence of a bona fide dispute, is clearly indicated by the decision in *Campbell* v. *Mandel Auto Parts Corporation* (31 N. Y. S. 2d 656, affd. [1st Dept.] 264 App. Div. 701).

I think that the requirements of the Fair Labor Standards Act of 1938 (U. S. Code, tit. 29, § 201 *et seq.*) may not be circumvented by a mere recital in the release that the employee releases the employer of liability for sums due under the statute in order to " induce " the latter " to enter into a contract

with Local 32-K '' governing future labor relations between the employer and his employees. This is certainly no better consideration than a cash payment of less than the minimum wage due to the employee. Nothing less than full payment of such minimum wage, no other consideration, will satisfy the requirements of the statute.

Each of the first complete defenses (paragraphs 5, 6, 8 and 9 of the answer) is also insufficient. A dispute as to the constitutionality of the Fair Labor Standards Act or its application to the parties is merely a dispute concerning questions of law. The fact that the parties misunderstood the law, or could not, although excusably enough, understand it, will not enable the employer to avoid the law by paying, as a settlement, a lesser wage than the minimum required by the statute. I believe that no agreement by an employee to accept less than the minimum wage prescribed by law is binding upon him, whether such agreement is made before or after the wage has been earned and has become due, and that the existence of an honest dispute is quite immaterial. I do not consider it necessary to review the various cases on the subject, pro and con, among which are the following: *Asaro* v. *Lilienfeld* (36 N. Y. S. 2d 802); *Rubin* v. *Meadow Provision Co.* (39 N. Y. S. 2d 517); *Rubin* v. *Meadow Provision Co.* (39 N. Y. S. 2d 518); *Rigopoulos* v. *Kervan* (47 F. Supp. 576); *Bailey* v. *Karolyna Co., Ltd.* (50 F. Supp. 142).

That the settlement in this instance was approved by a justice of the Supreme Court is also immaterial. That approval apparently was necessary only because defendant is a trustee in a proceeding pending in that court. The approval constituted judicial sanction for the payment of moneys, by the trustee, by the court which appointed him and to which he continued to be responsible. The validity and binding effect of the settlement were not determined.

Defendant strongly relies upon an impressive opinion in *Guess* v. *Montague* (140 F. 2d 500). That case, however, is not favorable to defendant insofar as any claim for a balance due as minimum wages is concerned, because the court held that such a claim could not be settled at all, but that only the claim for liquidated damage could be compromised. PARKER, J., said: '' As we have seen, the policy of the law forbids settlement for less than the minimum wage which the statute prescribes, but there is nothing in the statute

or in public policy which forbids settlement of the claim for liquidated damages at any figure that the parties may agree on. The mere fact that the cause of action for liquidated damages is created by statute and that the courts have no discretion but to enforce it, does not mean that it cannot be settled by agreement, just as can a claim for triple damages under the antitrust or patent statutes. The reason that a settlement for wages at less than the minimum wage is not binding is that such a settlement contravenes express provisions of the statute. The language of the statute with respect to wages is ' Every employer shall pay ' [U. S. Code, tit. 29, § 206]. With respect to hours, it is ' No employer shall * * * employ * * * for a work week longer ', et cetera [U. S. Code, tit. 29, § 207]. And for violation of these provisions criminal penalties are provided [§ 215, subd. 2; § 216, subd. (1)]. The provision with respect to liquidated damages, however, is merely that the employer shall be ' liable ' for unpaid minimum wages and unpaid overtime compensation, and ' in an additional equal amount as liquidated damages ' [§ 216, subd. (2)]. No criminal penalty is provided for failure to pay such damages. The creation of a liability does not prevent settlement by agreement of parties. Only where the law imposes a positive duty to pay should a settlement, which is ordinarily favored by the law, be held to be prohibited; and this duty is created by the statute here only with respect to minimum wages and overtime compensation, not with respect to the liability for liquidated damages.''

I need not now determine whether settlements of the claims in this case for liquidated damages were valid because defendant has not pleaded any defense specifically based upon the settlement of such a claim, but has pleaded broadly a settlement of all claims, including therein any sums still due as minimum wages. As to the plaintiff Cassese, defendant may have a complete defense in line with the *Guess* case (*supra*), for according to the figures stated in the complaint Cassese has already received more than the full minimum wage due him and is really claiming only liquidated damages. In the case of plaintiff Weinstock there would seem to be only a partial defense at best, for Weinstock alleges that the minimum wages earned by him have not been paid in full.

In order that the issues may be properly presented and so that the question of defendant's right to assert a settlement

of the claims of the respective plaintiffs for liquidated damages may be determined, defendant is given leave to serve an amended answer not inconsistent with the foregoing within ten days after service upon its attorneys of a copy of the accompanying order.

Order signed.