GEORGE W. WITHERS, Plaintiff, v. HERBERT McLEAN PURDY MANAGEMENT CORPORATION et al., Defendants.

Supreme Court, Special Term, New York County, March 3, 1944.

*Samuel Thierman* for plaintiff.

*James Maxwell Fassett* for defendants.

SHIENTAG, J. This is a motion to strike out the defense in paragraphs ninth to sixteenth of the answer on the ground that such defense is insufficient as matter of law. The action is to recover wages, liquidated damages and counsel fee under the Fair Labor Standards Act of 1938. (U. S. Code, tit. 29, § 201 *et seq.*) In the answer the defendants deny that plaintiff was required to work or actually did work a number of hours each week in excess of the maximum weekly number of hours prescribed by the Fair Labor Standards Act. In addition, the defendants plead two defenses.

The first alleges that the Fair Labor Standards Act had no application to the plaintiff's employment by the defendants during the period referred to in the complaint, inasmuch as the building in which the plaintiff was employed was not then occupied by tenants who were therein engaged in the production, manufacture, sale, purchase, handling, preparation and distribution of goods for interstate commerce within the meaning of the Act.

The second defense sets forth that on or about January 26, 1943, this same plaintiff brought an action against the defendants in the City Court of the City of New York for the County of Kings, which was subsequently transferred to the Supreme Court of the State of New York in the County of Kings; that plaintiff was represented by an attorney in that action; that plaintiff served an amended complaint containing two causes of action, the first of which was for allegedly unpaid minimum wages and overtime compensation under subdivision (b) of section 16 of the Fair Labor Standards Act of 1938 [U. S. Code, tit. 29, § 216, subd. (b)], and the second of which was for liquidated damages also under the same section of the Act. The defense then alleges that the defendants in the prior action interposed a verified answer in which they denied that plaintiff had worked the overtime which he alleged in his amended complaint; that at the time the plaintiff's amended complaint was served in the Kings County action the employment of the plaintiff by the defendants had ceased; that while the action in Kings County was pending and wholly or partly because of a dispute between the parties thereto with respect to the facts of the plaintiff's employment, and " particularly with respect to whether he had worked any overtime hours and, if so, how many, and during what period ", the plaintiff, represented by his attorney, and the defendants, represented by their attorney, compromised, settled and adjusted by stipulation in writing all of the plaintiff's claims against the defendants for the sum of $1,250, which sum the defendants paid to the plaintiff. The plaintiff in that action thereupon discontinued it without costs and executed and delivered to the defendants a general release.

It is this second defense that plaintiff seeks to strike out on the ground that the settlement referred to therein offends the terms and policy of the Fair Labor Standards Act of 1938.

The situation presented by this case is a fairly novel one. The plaintiff had previously instituted an action against the defendants to recover under the Fair Labor Standards Act for overtime wages. The claim in that action that plaintiff had worked overtime was denied by the defendants. If the defendants' position had been sustained in that case, the plaintiff would not have been entitled to recovery under the Act. A *bona fide* dispute having arisen with respect to whether or not plaintiff had actually worked overtime and with respect to the number of overtime hours, if any, the parties were in a position to compose their differences. This they did in writing

and plaintiff was accordingly paid $1,250 in consideration of the settlement.

The question posed, therefore, is whether in the circumstances of this case the parties may settle their differences without running afoul of the Fair Labor Standards Act. There have been a number of decisions in connection with releases of claims asserted by plaintiffs for overtime work. The burden of these decisions is that the benefits of the Fair Labor Standards Act may not be waived by an employee, and further, that a settlement of claims in situations where plaintiff concededly worked overtime will not be sanctioned by the courts. In those cases, however, the employer and employee had reached some sort of settlement, usually represented by voluntary payment made across the table by the employer and accepted by the employee, in an amount which was concededly less than the employee was entitled to receive under the terms of the statute.

The defense here is not that there was a mistake of law, a mistake as to whether or not the employee was covered by the Act. The defense here is not that a sum less than the plaintiff was concededly entitled to was accepted by him and that he gave his release therefor. The defense here attacked alleges that there was a dispute as to whether the plaintiff did in fact work in excess of the hours prescribed by the Act. Whether this dispute was a *bona fide* one will be disclosed on the trial. If there was a dispute as to the facts, the defense will be good. If it was a sham dispute, to evade the provisions of the Act, the defense will fail. But on its face the defense is sufficient (see *Rigopoulos* v. *Kervan*, 47 F. Supp. 576, affd. on this point 140 F. 2d 506; *Guess* v. *Montague*, 140 F. 2d 500; *Gangi* v. *D. A. Schulte, Inc.*, 53 F. Supp. 844). *O'Neil* v. *Brooklyn Savings Bank* (267 App. Div. 317, modfg. 180 Misc. 542; leave to appeal to Court of Appeals granted, 267 App. Div. 869) holds nothing to the contrary. That case simply held that the defendant could not escape the liquidated-damage provisions of the Fair Labor Standards Act by a belated payment of the amount concededly due for overtime even though that payment had been made and the employee had signed a release of his entire claim prior to the institution of the action.

Accordingly the motion to strike out the defense is denied.