IRVING KATZ, Plaintiff, *v.* FILM METAL BOX CORPORATION, Defendant.

City Court of New York, Special Term, Bronx County, March 6, 1944.

*William Roth* for plaintiff.

*Edwin I. Becker* for defendant.

EVANS, J. The Administrator of the Wage and Hour Division of the United States Department of Labor brought an action, in the United States District Court, to enjoin this defendant from violating the Fair Labor Standards Act of 1938. (U. S. Code, tit. 29, § 201 *et seq.*) Defendant consented to a decree against it and, in the decree, it was ordered, among other things, that defendant pay to this plaintiff the sum of $1,041.29 for overtime wages. Now this plaintiff sues in this court to recover a penalty equal to the amount ordered to be paid, in the decree, as overtime wages, together with a reasonable counsel fee.

The defendant says that the plaintiff was not at all a wage earner, but an independent contractor working as an entrepreneur, and himself employing whatever labor was necessary

for the purpose of fulfilling the contract between the parties; that this plaintiff merely assumed the guise of a wage earner — and the implication is that this plaintiff, somehow, succeeded in convincing the Administrator of the Wage and Hour Division of the United States Department of Labor that he was a wage earner, and thus to intercede in his behalf — and that, as the result of an agreement of compromise between the parties at bar, it was understood that if defendant would consent to the decree as signed, it would be in full settlement of all claims for the overtime wages, penalty, and counsel fee. If it is true that plaintiff is not really a wage earner, and defendant, rather than be troubled by a contest of a false claim, chose to make a settlement in the form it claims, I do not think that the Federal Fair Labor Standards Act of 1938 would be offended by the settlement.

The decree is not conclusive at bar. It is not binding on plaintiff because he was not a party to the suit (*Rigopoulos* v. *Kervan*, 47 F. Supp. 576, affd. on this point 140 F. 2d 506), and it is, therefore, not an adjudication between the parties at bar. Even though it contains an unequivocal admission by defendant that the sum of $1,041.29, paid by it, was for overtime wages due to plaintiff under section 7 of the Fair Labor Standards Act of 1938 (U. S. Code, tit. 29, § 207), the defendant should be allowed to meet that admission upon a trial, if it can do so. While the defendant would not be allowed to give evidence of any agreement between it and the Administrator of the Wage and Hour Division as to the provisions of the consent decree, yet it would be competent for defendant to give evidence of the fact that plaintiff was *not* an employee, but an independent contractor, and of an agreement of settlement between it and plaintiff, at bar, and to show that this provision of the decree was consented to as a part of the settlement. This is a matter of proof which should be determined at the trial, and not upon a motion for summary judgment.

I think that what the cases so far have decided is that once there is an obligation to pay overtime wages, and that obligation is in default, the employer may not avoid the penalty and counsel fees (*Overnight Motor Co.* v. *Missel*, 316 U. S. 572; *Seneca Coal & Coke Co.* v. *Lofton*, 136 F. 2d 359, 363; certiorari denied 320 U. S. 772). Nor may the employee validly release, by a settlement, the penalty and counsel fees. (See *Rigopoulos* v. *Kervan*, 47 F. Supp. 576, affd. on this point 140 F. 2d 506, *supra*; *O'Neil* v. *Brooklyn Savings Bank*, 180 Misc. 542, mod. 267 App. Div. 317, leave to Appeal to Court of Appeals granted 267

App. Div. 869.) So that, regardless of the settlement, it is the duty of the court to examine the facts and to determine whether the basis for the penalty and counsel fees, being the right to overtime wages, exists. If, in fact, it does exist, the employee is entitled to the penalty and counsel fees, regardless of the settlement.

It is obvious that the question presented here rests upon disputed facts and requires a trial of the issues, which may be formulated from the facts submitted in the opposing affidavits. Motion denied.