FRANK BONOMOLO, Plaintiff, *v.* CHARLES F. NOYES et al., Defendants.

Supreme Court, Special Term, New York County, February 21, 1945.

*Emilie N. Wanderer, Edward Raff* and *Samuel Harnick* for plaintiff.

*Carb, Reichman & Luria* for Charles F. Noyes, defendant.

*Charles L. Fleece* for Madison Associates, Inc., defendant.

SHIENTAG, J. This is a motion by plaintiff to strike out the first and second defenses in the answer of the defendant Noyes and the first defense in the answer of the defendant Madison Associates, Inc.

The action is to recover overtime wages pursuant to the Fair Labor Standards Act of 1938 (U. S. Code, tit. 29, § 201 *et seq.*). The defendant Noyes alleges in his first defense that before the commencement of the action the parties entered into an agreement whereby defendant paid a certain sum to the plaintiff which was accepted in full satisfaction of his claim; that at the time of such payment defendant in good faith disputed and denied his liability under the act, the amount of overtime hours alleged to have been worked by the plaintiff, and the amount claimed to be due.

The second defense realleges the allegations of the first and adds that the plaintiff released the defendant from the claim set forth in the complaint.

The defense of the defendant Madison Associates, Inc., is similar to that of Noyes, except that it adds that it employed Noyes as its managing agent, and any payment and agreement made by Noyes was on its behalf also.

The defenses of accord and satisfaction and general release are insufficient in the absence of allegations of fact showing that an honest dispute existed as to the extent of overtime or the amount due for such overtime.

The mere recital that a bona fide dispute existed is insufficient within the rule laid down by the authorities. Private agreements cannot override the express provisions of law. (*Campbell* v. *Mandel Auto Parts Corporation,* 31 N. Y. S. 2d 656, affd. 264 App. Div. 701; *Voutrey* v. *General Baking Co.,* 39 F. Supp. 974; *Matter of City Bank Farmers Trust Co. [O'Donnell],* 179 Misc. 770; *Garrity* v. *Bagold Corp.,* 180 Misc. 120.)* " The employee may not give a valid release of his rights against the employer in consideration of receiving payment of an amount

---

* See, also, *Cassese* v. *Manufacturers Trust Co.,* 182 Misc. 344.— [REP.

less than that provided by statute '' (*Rigopoulos* v. *Kervan,* 47 F. Supp. 576, 577, citing *Fleming* v. *Warshawsky & Co.,* 123 F. 2d 622, and *Travis* v. *Ray,* 41 F. Supp. 6).

*Withers* v. *Purdy Management Corp.* (181 Misc. 724, 725) is not in conflict with the result reached here. The burden of the decision in that case was simply that the pleadings set forth sufficiently that a genuine dispute had arisen '' with respect to whether or not plaintiff had actually worked overtime and with respect to the number of overtime hours, if any ''.

The motions to strike out the defenses are granted, with leave to plead over within ten days after service of a copy of this order with notice of entry.