**FLEMING, Administrator of the Wage and Hour Division, United States Department of Labor, v. WARSHAWSKY & CO.**

No. 7600.

Circuit Court of Appeals, Seventh Circuit.

Nov. 27, 1941.

---

Gerard D. Reilly and Irving J. Levy, U. S. Dept. of Labor, both of Washington, D. C., and Alex Elson, Lee K. Beznor, and Sidney A. Jones, Jr., all of Chicago, Ill. (Edward Jay Fruchtman, of Washington, D. C., of counsel), for appellant.

Philip R. Toomin, of Chicago, Ill., for appellees.

Before MAJOR and KERNER, Circuit Judges, and LINDLEY, District Judge.

MAJOR, Circuit Judge.

This is an appeal from an order, entered November 22, 1940, dismissing plaintiff's application in a contempt proceeding. The application was predicated upon defendants' failure to pay restitution to their employees as was required by a consent judgment, entered July 15, 1940, pursuant to Section 17 of the Fair Labor Standards Act. Act of June 25, 1938, 29 U.S.C.A. § 201 et seq.

On July 15, 1940, plaintiff filed a complaint against the corporate defendant and certain of its officers, alleging that they were engaged in the production, selling and distribution of merchandise in interstate commerce and that they had violated numerous provisions of the Act. A judgment was sought enjoining them from further violations. On the same date, plaintiff and the defendants entered into a stipulation by which the defendants consented to the entry of a judgment. The stipulation provided that defendants would pay to each of their employees a sum of money equal to the difference between the amount of wages actually paid since the effective date of the Act, and the amount required to be paid by Sections 6 and 7, 29 U.S.C.A. §§ 206, 207. It was further stipulated that such payments were to be made as follows: One-ninth of such sums in 30 days and the balance in eight equal monthly installments.

The judgment of July 15, 1940, in addition to enjoining defendants from further violations of the Act, provided:

"Further Ordered, Adjudged, and Decreed that the stipulation made this day between the parties hereto and filed herein be, and it hereby is incorporated in and made a part of this judgment, and that defendant do and perform each and every act and thing set forth in the said stipulation; * * *".

On October 8, 1940, plaintiff filed an application for an order requiring the defendants to appear and show cause why they should not be adjudged in contempt of court for failure to abide by the judgment. The application, among other things, alleged that the plaintiff had prepared or approved a schedule of payments, consented to by defendants, to be made by the defendants to their employees, and that defendants had failed to make restitution in accordance with the judgment. Upon an order directing the defendants to show cause, the corporate defendant and certain of its officers filed a joint answer which admitted the entry of the consent judgment; that defendants had knowledge of the contents thereof and admitted the stipulation pursuant to which they were to make restitution to their employees. The answer denied that defendants had refused to make the payments required by the consent judgment and averred " * * * that without solicitation or other effort on their part, or anyone authorized by them in that behalf, certain employees on said list holding claims amounting in the aggregate to the sum of $506.59, voluntarily and without coercion, relinquished their said claims." The defendants' answer also asserted: (1) that the plaintiff was without power to institute contempt proceedings, (2) that the restitution order constituted merely an unpaid money judgment and that contempt proceedings were improper to enforce such a judgment, and (3) that the judgment "is too vague and indefinite" in failing to state the names of employees entitled to back wages and the amounts due each of them.

A hearing was had before the District Court which made findings of fact, conclusions of law, and entered the order appealed from. The court concluded: (1) that the judgment entered July 15, 1940, was void or unenforceable for uncertainty, (2) that if the judgment was valid, a proceeding by contempt was not proper, but

that the judgment should be enforced by means of an execution at law, (3) that the employees were the beneficiaries of a money award and that they had the legal right, in the absence of coercion or fraud on the part of the defendants, to decline the benefit of such award, and that the defendants had the legal right to rely upon the waiver by said employees of the award due them, and (4) that even though the proceeding by contempt was proper, the injunctional order entered July 15 had not been violated.

The conclusions of the court are here assailed largely on the grounds that they are predicated upon an erroneous construction of the Act. We shall discuss them in order. Inasmuch as our decision must turn largely, if not entirely, upon matters of law, we deem it unnecessary to state the facts except as they are relevant thereto.

 Section 17 of the Act, 29 U.S.C. A. § 217, confers upon the District Courts of the United States jurisdiction to restrain violations of the Act. It, therefore, when it entered its judgment of July 15, 1940, had jurisdiction of the subject matter and the parties. It is argued by the defendants that the judgment is uncertain because of its failure to incorporate the names of the employees who were entitled to restitution, together with the amount which defendants were obligated to pay each of them. We are of the opinion that this position is not tenable for two reasons: (1) the judgment was entered with the consent of the defendants, and was not subject to attack for uncertainty in the manner attempted, and (2) the order was sufficiently certain, under the circumstances, to fully apprise the defendants of their obligation. It seems to be firmly established that the judgment of a court, having jurisdiction over the subject matter and the parties, may not be challenged or set aside in a collateral proceeding. Swift & Co. v. United States, 276 U.S. 311, 48 S.Ct. 311, 72 L.Ed. 587. Consent to the issuance of a decree by a court having jurisdiction over the subject matter and the parties is an effective waiver of any errors committed in the issuance thereof. Securities & Exchange Commission v. Jones, 2 Cir., 85 F.2d 17; Curry v. Curry et al., 65 App.D.C. 47, 79 F. 2d 172; O'Hearne v. United States, 62 App. D.C. 285, 66 F.2d 933, 935.

 Furthermore, we think that the judgment was certain so far as the defend-

ants were concerned. Shortly after its entry, there was prepared a schedule, approved by the defendants, which contained the names of the employees and the amount to be paid each of them. In the absence of such a schedule, the information contained therein was a matter particularly within the knowledge of the defendants. There was not the slightest dispute between the parties as to such matters,—on the other hand, there was complete agreement. If there had been a contest or dispute as to which of the employees was entitled to restitution and the amount, there might be some ground for the defendants to complain that the judgment was uncertain. There may be situations where it would be better practice to include such names and amounts in the judgment. We doubt, however, if such inclusion is essential to a valid judgment in any case and certainly not in the instant one. We see no reason why any greater certainty is required in an order or judgment issued under this Act than in an order issued by the N. L. R. B. Such orders have frequently been approved which require restitution payments to employees unfairly discharged, although they do not specify the amount to be paid. Corning Glass Works v. N. L. R. B., 2 Cir., 118 F.2d 625; N. L. R. B. v. American P. & C. Corp., 9 Cir., 113 F.2d 232, 129 A.L.R. 874. We therefore conclude there is no merit in the contention that the order was void for uncertainty.

 Neither do we subscribe to the contention that the judgment should be enforced by means of an execution at law—in fact, we doubt if it could be thus enforced. The employees were not parties to the proceeding and, at most, were only beneficiaries. There was no money judgment in their favor. Under similar circumstances, it has been held that an order in favor of employees under the National Labor Relations Act, 29 U.S.C.A. § 151 et seq., is not a money judgment to be recovered by execution, but is a requirement imposed for a violation of the Statute. N. L. R. B. v. Jones & Laughlin Steel Corp., 301 U.S. 1, 57 S.Ct. 615, 81 L.Ed. 893, 108 A.L.R. 1352; Amalgamated Workers v. Consolidated Edison Co., 309 U.S. 261, 60 S.Ct. 561, 84 L.Ed. 738. Further, we are of the view there is no room for argument but that contempt proceedings are authorized by the Act. Section 211, 29 U. S.C.A. specifically authorizes the administrator to bring all actions to restrain viola-

tions. By reason of such authority it instituted action and obtained a judgment by consent, which, among other things, commanded the defendants to make restitution. We think no citation of authority is required in support of the proposition that the court has the inherent power to punish disobedience of such judgment.

■ We shall now consider defendants' contention, adopted by the lower court, that the defendants, in the absence of fraud or coercion, had a right to take releases from their employees, or, to put the position another way, that the employees entitled to restitution had a right to waive the same so as to protect the defendants and relieve them from the obligation imposed by the Act and judgment. There is some dispute as to the precise manner in which the so-called releases were obtained by the defendants. The court found that they were obtained voluntarily and without coercion. In our view of the matter, the manner in which they were obtained is immaterial, and there is no occasion to relate the facts connected therewith.

In Section 2 of the Act, 29 U.S.C.A. § 202, Congress set forth its declaration of policy. The objectives aimed at were the elimination of labor conditions detrimental to the maintenance of the minimum standard of living necessary for the health, efficiency and general well-being of employees, and the eradication of the burdens on commerce caused by such sub-standard labor conditions. Robertson v. Argus Hosiery Mills, 6 Cir., 121 F.2d 285. Defendants concede that an agreement, in advance of employment, to accept less than permitted by law would render nugatory the objectives of the Act. We think precisely the same result would follow if the employer, by agreement with its employees, be permitted to pay less than the Act prescribes. Waivers in advance of employment are no different in substance or effect than waivers of back pay for past employment. In both situations, the employers pay, and the employees receive, less than the statutory compensation. In each situation, the statutory requirements and the purposes of the legislation are ignored. We shall refer to one only of the numerous cases construing legislation prescribing statutory compensation. In United States v. Morley Const. Co., 2 Cir., 98 F.2d 781, the court considered a contention that employees had waived their right to the difference between the wages they had been paid and the "prevailing wage" required by statute. In rejecting such contention, the court, on page 789 of 98 F.2d said: "* * * but the statute, which forbad any contract that did not protect them [the laborers], forbad any release—another contract—which deprived them of the protection so granted. * * * we are satisfied that the statute cannot be circumvented by so easy a device. * * *"

And further: "* * · * To this end it was as necessary to deny them [i. e., the laborers] the power to bargain away their privilege after they had performed their labor, as before. * * *"

This principle is applicable in the instant situation. In fact, it has been so applied by a number of District Courts. Fleming v. Carleton Screw Products Co., D.C., 37 F.Supp. 754; Fleming v. Atlantic Company, D.C., 40 F.Supp. 654; Davis v. Perfect Belt Manufacturing Co., D.C.N.D.Ga., March 6, 1941.[1]

■ We are in some doubt as to what the court below had in mind when it concluded that the judgment of July 15, 1940, had not been violated. We assume this conclusion was predicated upon the premise that defendants had made a settlement with their employees which the court found to be without coercion, and voluntary on their part. In view of what we have said, it follows that violation of the judgment could not be thus avoided, and that defendants were in contempt of court for failure to comply therewith. The minimum requirement to purge themselves of such contempt is to make restitution to their employees. Anything more rests in the discretion of the District Court.

The order appealed from is reversed and remanded with directions to proceed in conformity with the views herein expressed.

---

[1] No opinion for publication.