**RIGOPOULOS et al. v. KERVAN.**

No. 68.

Circuit Court of Appeals, Second Circuit.

Nov. 15, 1943.

Alger, Peck, Andrew & Rohlfs, of New York City (Frederick H. Rohlfs and Lewis F. X. Cotignola, both of New York City, of counsel), for appellant.

Charles R. Katz, of New York City, for appellees.

McLanahan, Merritt & Ingraham, of New York City (Robert R. Bruce and John J. Boyle, both of New Yok City, of counsel), for Realty Advisory Board on Labor Relations, Inc., amicus curiae.

Before L. HAND, SWAN, and FRANK, Circuit Judges.

SWAN, Circuit Judge.

This is an action under section 16(b) of the Fair Labor Standards Act, 29 U.S.C.A. § 216(b), brought against the defendant, who does interstate business under the name and style of The Kervan Company, by ten of his employees. Each plaintiff has recovered judgment in a specified amount, and they have jointly been awarded costs and disbursements which include a fee of $200 for their attorney. Section 16(b), upon which the action is predicated, declares that an employer who violates the provisions of section 6 or section 7 (that is, who fails to pay the minimum wage rates prescribed by the former or the overtime compensation prescribed by the latter) "shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." It also directs the court to allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.

■ With respect to eight of the plaintiffs, Dounetas and Vangelakos being excepted, the main question presented by the defendant's appeal is whether the statute entitles an employee within its coverage to obtain a judgment for the liquidated damages and attorney's fee after accepting from his employer, and before starting his action, payment in full of overtime compensation long overdue. Judge Conger decided this question in favor of the plaintiffs in striking from the defendant's answer affirmative defenses which alleged acceptance of such payments. Rigopoulos v. Kervan, D.C., 47 F.Supp. 576.

With respect to these eight plaintiffs the facts established upon the trial are not in dispute. The amounts of unpaid overtime compensation to which they were entitled for services performed during the period mentioned in the complaint, October 24, 1938, to January 1, 1941, were stipulated. These amounts were paid them in six monthly instalments beginning in June 1941; and at least six[1] of these eight plaintiffs signed a receipt acknowledging that the amount stated therein "represents unpaid wages computed or approved by the Wage and Hour Division under the provisions of the Fair Labor Standards Act of 1938 and covering the period or periods of employment" between specified dates. Thus the overtime compensation was paid long after it was due. Section 7 of the Act, 29 U.S.C.A. § 207, plainly contemplates that overtime compensation shall be paid in the course of employment and not accumulated beyond the regular pay day. See Seneca Coal & Coke Co. v. Lofton, 10 Cir., 136 F. 2d 359, 363, certiorari denied October 18, 1943, 64 S.Ct. 77, 88 L.Ed. ——. Hence the failure to pay it, when due, was a violation of section 7, which rendered the employer "liable," as declared in section 16(b), not only for the unpaid overtime compensation but also for liquidated damages in an additional equal amount. This is a single and entire liability. It is not discharged in toto by paying one-half of it. The liquidated damages provision has been held to be mandatory on the courts regardless of the good faith of the employer or the reasonableness of his belief that no overtime compensation was owed. Overnight Motor Transp. Co. v. Missel, 316 U.S. 572, 582, 583, 62 S.Ct. 1216, 86 L.Ed. 1682; Seneca Coal & Coke Co. v. Lofton, supra. It is urged that such a construction of the statute produces too harsh a result; but the harshness is inherent in the legislation. We see no escape from the statutory language.

■ As to the appellant's claim of accord and satisfaction, we are not now required to choose between the conflicting views of other circuit courts of appeal. See Fleming v. Warshawsky & Co., 7 Cir.,

[1] Rigopoulos and five others were paid pursuant to a stipulation, dated January 29, 1941, made by Kervan with the administrator of the Wage and Hour Division to compromise a suit for an injunction brought by the administrator pursuant to section 17 of the Act. The stipulation did not include the unpaid overtime compensation of plaintiffs Lecakes and Fellouris but restitution was made to them on the same basis as the others. Whether they signed the same form of receipt as the others is not clear. We think it immaterial None of the plaintiffs was a party to the administrator's suit. The fact that some of them were paid in pursuance of a compromise of such suit we regard as completely irrelevant in the present action.

123 F.2d 622; Guess v. Montague, 4 Cir., Sept. 16, 1943, 140 F.2d 500. Even if it be assumed that there could have been a valid accord and satisfaction, there is no evidence that there was. There was nothing in dispute between the parties at the time the defendant made his payments; hence there was no consideration for an accord even at common law.

▉ Finally, there was no error in excluding evidence of what occurred before the Wage and Hour Division culminating in the receipts executed by the plaintiffs. What the witness would have testified the record does not disclose, as no offer of proof was made after the plaintiffs' objection to the question was sustained. But even were we to accept the suggestion in the appellant's brief that the witness might have testified that the payments were made upon the express assurance that that was all the defendant would be required to pay under the interpretation of the Act made by the Wage and Hour Division, such testimony could not affect our decision. As already noted, the Supreme Court has held in the Missel case that the employer's good faith in failing to pay promptly is immaterial. And since the plaintiffs were not parties to the administrator's suit, they would not be estopped by anything he may have said in compromising his suit. See Colan v. Wecksler, D.C.S.D.N.Y., 45 F. Supp. 508; Tidewater Optical Co. v. Wittkamp, 179 Va. 545, 19 S.E.2d 897, 901.

Accordingly the judgment must be affirmed in respect to the liquidated damages issue.

We turn now to the case of plaintiffs Dounetas and Vangelakos. As to them there was an issue of fact as to whether they were employed at $22 per week for a 54 hour week or at an hourly rate of 36 cents for 40 hours and at a rate of 54 cents for overtime hours. The trial judge found that they were employed by the week and that unpaid overtime compensation was due to Dounetas in the sum of $38.43 and to Vangelakos in the sum of $125.34. They were therefore awarded judgment in double these amounts. Upon the factual issue there was evidence that plaintiffs had been employed before the effective date of the Act at a weekly salary of $22 for a 54 hour week. After a lapse of several months, during which the Act took effect, they were rehired, again at $22 for 54 hours. Defendant's assertion that the rehiring was on the lawful basis of 36 cents per hour with 54 cents for overtime was discredited by testimony of his own witnesses and weakened by the uncontroverted fact that weekly payments to plaintiffs never reflected exactly such basis. This was ample to support the finding that only "a unilateral system of bookkeeping" was maintained, having no effect on plaintiffs' contract of employment. As to the amounts awarded, we are at loss to determine from the record what method was used in computing them. It appears that plaintiffs' counsel submitted them to the court without objection, and that the court treated them as stipulated along with the awards to the other plaintiffs. Applying the rule set forth in Overnight Motor Co. v. Missel, 316 U.S. 572, page 580, note 16, 62 S.Ct. 1216, page 1221, 86 L.Ed. 1682, and using the basis of $22 for a 54 hour week,[2] we arrive at amounts slightly less than those awarded, namely $62.62 for Dounetas and $231.86 for Vangelakos.[3] The judgment as to these two is reversed and the cause remanded for further proceedings in accordance with this opinion.

Besides their statutory costs, plaintiffs are awarded the sum of $200 for attorney's fees on this appeal. 29 U.S.C.A. § 16(b); see American Can Co. v. Ladoga Canning Co., 7 Cir., 44 F.2d 763, 772, certiorari denied 282 U.S. 899, 51 S.Ct. 183, 75 L.Ed. 792.

---

[2] $(R)$egular rate $=$ $\dfrac{\text{Wages}}{\text{Hours}} = \dfrac{2200}{54}$

$(O)$vertime rate $= 1\frac{1}{2}$ x $(R)$

[3] Computed as follows:

Hours worked beyond statutory minimum x $(O) = (C)$ompensation due for overtime.

Hours worked within statutory minimum x $(R) = (A)$mount due at a single rate.

Total monies paid by defendant — $(A)$ $= (B)$alance applicable to overtime payments.

$(C) — (B)$ x 2 $=$ Final amount to be awarded to each plaintiff.