**FLEMING et al. v. POST et al.**

No. 125.

Circuit Court of Appeals, Second Circuit.

Dec. 14, 1944.

Julian S. Bush, of New York City (W. Kintzing Post, of New York City, of counsel), for appellant.

Henry Albert, of Astoria, N. Y. (Max R. Simon, of Brooklyn, N. Y., of counsel), for appellees.

Douglas B. Maggs and Bessie Margolin, both of Washington, D. C., Irving Rozen, of New York City, George M. Szabad, of Washington, D. C., and Albert A. Spiegel, of McKeesport, Pa., for United States Department of Labor.

Before L. HAND, AUGUSTUS N. HAND, and FRANK, Circuit Judges.

FRANK, Circuit Judge.

1. We think there can be no valid release of the right to the payment of the back minimum and overtime wages. O'Neil v. Brooklyn Savings Bank, 293 N. Y. 666, 56 N.E.2d 259; Fleming v. Warshawsky & Co., 7 Cir., 123 F.2d 622, 626; we do not agree with Guess v. Montague, 4 Cir., 140 F.2d 500. And Congress and the courts have considered the claim for back wages and liquidated damages as a single right. See 83 Cong.Rec. 9255 (1938) (conference agreement); Rigopoulos v. Kervan, 2 Cir., 140 F.2d 506, 151 A.L.R. 1126. It would seem clear, therefore, that the same principle should govern the ability to release a claim for liquidated damages. Strand v. Garden Valley Tel. Co., D.C., 51 F.Supp. 898, 904; cf. United States ex rel. Johnson v. Morley Construction Co., 2 Cir., 98 F.2d 781.[1]

2. We should reach the same result if there were here an accord and satisfaction. In fact there was not. A condition precedent to a valid accord and satisfaction is the establishment of a bona fide dispute over liability. The record would seem to reveal no "actual and substantial difference of opinion" as to liability asserted and denied by the opposing parties. Schuttinger v. Woodruff, 259 N.Y. 212, 226, 181 N.E. 361; Strand v. Garden Valley Tel. Co., supra. Moreover, the district judge found as a matter of fact that there was no dispute between the parties. Since his finding is supported by substantial evidence we must accept it.

3. In determining whether a substantial portion of the building is occupied by tenants engaged in the production of goods for interstate commerce, we have adopted the measure of 20% suggested by the Administrator. See Callus v. 10 East 40th Street Building, Inc., 2 Cir., 146 F.2d 438. In fact, during the years 1938, 1940, 1941, and 1942, about 25% of the building was occupied by tenants engaged in manufacturing goods for interstate commerce.

In deciding which of the occupants may be considered as engaged in the production of goods for interstate commerce, where any of them is so engaged but also in production for intra-state commerce, we are again faced with the necessity of discovering a quantitative standard. On this question we have no interpretation by the Administrator to assist us. The Supreme Court has indicated only that the tenants must be "substantially" engaged in the production of goods for interstate commerce. Walton v. Southern Package Corp., 320 U.S. 540, 64 S.Ct. 320. Once again we equate the term "substantial" with the figure of 20%. We fully appreciate that under these criteria it is possible (although not so in this case) for building employees to be brought under the Act when but 4% of the activity of all the tenants may be categorized as production of goods for interstate commerce. But we feel that the decisions of the Supreme Court indicate such a result, and we must follow what seem to us the implications of these decisions; "we are merely a reflector, serving as a judicial moon."[2]

That maintenance employees of a building in which the tenants are engaged in the manufacture of goods for interstate commerce are within the Act is too well established for dispute. Kirschbaum Co. v. Walling, supra. And during the entire period in question, one-third of the building was rented by tenants whose business consisted of receiving goods from outside the state and shipping goods outside

---

[1] "In any case, Congress probably did did not intend any right created by the FLSA for the employee's benefit to be negotiable in a market where bargaining power is unequal." (1943) 57 Harv. L.Rev. 257, 258.

[2] Choate v. Commissioner, 2 Cir., 129 F.2d 684, 686.

the state. This business would clearly seem to come with the Act's definition of "production" which includes "handling." Cf. Callus v. 10 East 40th St. Bldg., Inc., supra. This brings the total space rented by tenants engaged in the production of goods for interstate commerce to 48% for 1939 and 61% for each of the other years in question.

4. Appellant, insofar as he was a trustee, should not be liable for the period after August 12, 1939, when the trust terminated. After that time he appears to have acted as attorney and agent for the owners and appears to have made the payment to the employees on that basis. Up to that time, the liability as trustee should be limited to the one-fifth interest in the property that the trust owned.

5. The plaintiffs' attorneys should receive $400 for the services rendered on this appeal.

Affirmed with modification as to the extent of the liability of the appellant in his capacity as trustee.