## SOUTHERN CALIFORNIA FREIGHT LINES v. McKEOWN.

No. 10873.

Circuit Court of Appeals, Ninth Circuit.

April 21, 1945.

Rehearing Denied May 22, 1945.

H. J. Bischoff, of San Diego, Cal., for appellant.

A. F. Baughn, of Los Angeles, Cal., for appellee.

Before DENMAN, STEPHENS, and HEALY, Circuit Judges.

DENMAN, Circuit Judge.

This is an appeal from a judgment of the district court holding appellant liable to appellee for additional compensation for appellee's services to appellant because the appellee was an employee engaged in interstate commerce within sections 3(b) and 7 (a) of the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq. hereinafter called the Act, providing

Sec. 3 "As used in this Act— * * *

"(b) 'Commerce' means trade, commerce, transportation, transmission, or communication among the several States or from any State to any place outside thereof."

Sec. 7 (a) "No employer shall, except as otherwise provided in this section, employ any of his employees who is engaged in commerce or in the production of goods for commerce."

Appellant is engaged in the transportation of goods from Los Angeles to places in Southern California and in the nearby states in a large fleet of trucks requiring between 50 and 60 men on their freight docks to handle the goods transported. The facts show a substantial enterprise.

Appellee was engaged "in [the] commerce" of appellant both interstate and intrastate. The district court found appellee's employment, like that of the rate clerk in Overnight Motor Transportation Co. v. Missell, 316 U.S. 572, 574, 62 S.Ct. 1216, 86 L.Ed. 1682, consisted in clerical work in blocking and routing bills of lading, the segregation of invoices of freight, checking items of freight against bills of lading and keeping of time of employment of the freight handlers, and occasionally assisting in sorting cargo into the freight bins.

As to the amount of appellee's such employment in interstate commerce it is stipulated that it was to the "extent of 7% of the plaintiff's [appellee's] total activities" and that it was continuous "during each and every day of each and every week in his said employment."

Appellant contends that 7% of appellee's time spent in interstate commerce is so unsubstantial an amount that appellee was not engaged in interstate commerce at all within the meaning of the Act. It relies on the language of Walling v. Jacksonville Paper Co., 317 U.S. 564, 572, 63 S.Ct. 332, 337, 87 L.Ed. 460, that "If a substantial part of an employee's activities related to goods whose movement in the channels of interstate commerce was established by the test we have described, he is covered by the Act."

This statement throws no light on what percentage of an employee's time in interstate commerce is unsubstantial. Since the Act is concerned with wages and hours, it is apparent that if there had been a cut of 7% in the employee's pay check it would not be regarded as unsubstantial or de minimis by any laborer or his union. Nor would a reduction of his 8-hour day of 7%, that is to 7 hours and 27 minutes, be regarded as unsubstantial. No leader of a labor union nor its members would regard such a reduction of the labor day an unsubstantial gain.

It is also a proper inference that since the employee was engaged with reference to the bills of lading, it would take no more of his time on interstate than on intrastate bills. The longer interstate hauls with larger freight earnings would concern more than 7% of the employer's total income. Certainly no freighting enterprise would regard a more than 7% loss of its overall business as unsubstantial. In many business enterprises a loss of 7% of gross income is sufficiently substantial to change a profit to a loss.

It is true that employees whose activities merely affect interstate commerce are not within the Fair Labor Standards Act, though within the Wagner Act, 29 U.S.C. A. § 151 et seq. However, there seems no logical reason why there should be any difference in the substantiality of the amount

**892**

of "affecting of" or being "in" commerce to bring employment under either act.

In this connection we have said in National Labor Relations Board v. Cowell Portland Cement Co., 108 F.2d 198, 201, "The quantity of cement shipped out of state is not de minimis merely because it is but a small percentage of respondent's total sales. Otherwise, we would have the anomaly of one plant under federal regulation because exporting its entire product of 14,000 barrels while alongside it another competing plant under state regulation because, though shipping the same amount of 14,000 barrels, they constituted, say, but 4 percent of its product. Congress could not have intended that it would subject laboring men or employers to such a confusing and, in business competition, such a destructive anomaly. * * *"

We agree with the opinion of the Tenth Circuit in New Mexico Public Service v. Engel, 145 F.2d 636, that an employee occupied in interstate commerce in an enterprise but four percent of which is interstate and, as here, continuously engaged therein, is substantially engaged in commerce within the meaning of the Act. Appellee here so was substantially engaged. The judgment of the district court is

Affirmed.