## MORNFORD v. ANDREWS.

### No. 11240.

Circuit Court of Appeals, Fifth Circuit.
Oct. 24, 1945.

James Maddox, of Rome, Ga., for appellant.

Dean Owens, of Rome, Ga., for appellee.

Before SIBLEY, HUTCHESON, and LEE, Circuit Judges.

HUTCHESON, Circuit Judge.

From an adverse judgment in a suit to recover minimum wages and overtime compensation, with liquidated damages and attorneys' fees, alleged to be due and owing under the Fair Labor Standards Act of 1938,[1] plaintiff appeals.

The claim was: that he had been employed by appellee from October, 1939, to March, 1941, as a porter at the bus station and terminal at Rome, Georgia, to keep the station clean, meet all buses, assist passengers with, and check, baggage, and perform any other duties incidental to these;

[1] Title 29 U.S.C.A. § 201 et seq.

that he worked an average of eighty-four hours each week, at a wage of $6 per week for the first nine months, and thereafter at a weekly wage of $7.

 The District Judge correctly found that the operation of the bus station was a necessary and essential part of transportation in interstate commerce, and that the parties were subject to the Act.

As to regular time, he found that the agreement under which appellant was employed by appellee was that he was to receive a total of $25 per week, an amount in excess of the minimum wage. This was to be made up in part of tips he received from passengers, and if the tips plus the amount of cash wages paid him did not equal $25.00, he would be paid the difference on demand. He found, too, that due to the indefiniteness of plaintiff's testimony it was impossible to determine what amount of tips plaintiff had received, and, therefore, whether or not with the amount of cash paid him, sometimes $6, sometimes $7, and sometimes $9 per week, he was in fact underpaid. He concluded, therefore, that plaintiff had failed to make out a case for recovery.

As to overtime, the District Judge, on evidence fully sustaining his finding, found that while plaintiff's testimony was sufficient to show in a general way that he did in each week of his employment put in enough hours to constitute a regular work week, he did not show with any definiteness the actual number of hours worked, and there was, therefore, no basis for a finding as to overtime worked.

An employee may be paid a fixed amount each week, provided it is an amount sufficient to cover the minimum wages provided by Section 6 of the Act, on a basis of maximum hours allowed by Section 7 of the Act.[2] When, as here, a contract is made for the payment of an amount in excess of the minimum wage, the contract is valid, and to recover plaintiff must show that it has not been performed. Since part of the agreement was that appellee would, on demand, pay all sums necessary with the tips to make up the $25, the burden was on appellant to prove the amount of tips he received, and that they, with the amount paid him, were less than the minimum wage he was entitled to receive.[3]

We agree with the District Judge that the burden was on plaintiff throughout to make out his case by a preponderance of the testimony, that he did not do so, and that he cannot recover.[4]

The judgment was right. It is affirmed.

2 Walling v. A. H. Belo Corporation, 316 U.S. 624, 62 S.Ct. 1223, 86 L.Ed. 1716; Overnight Motor Transportation Co. v. Missel, 316 U.S. 572, 62 S.Ct. 1216, 86 L.Ed. 1682.

3 Townsend v. New York Cent. R. Co., 7 Cir., 141 F.2d 483.

4 Jax Beer Co. v. Redfern, 5 Cir., 124 F.2d 172.