**WALLING, Administrator of Wage and Hour Division, U. S. Dept. of Labor, v. RICHMOND SCREW ANCHOR CO., Inc.**

No. 186.

Circuit Court of Appeals, Second Circuit.

March 8, 1946.

Writ of Certiorari Denied June 10, 1946.

See 66 S.Ct. 1383.

784

William S. Tyson, of Washington, D. C. (Bessie Margolin, of Washington, D. C., Irving Rozen, of New York City, and Joseph M. Stone, of Washington, D. C., of counsel), for United States Department of Labor.

E. John Ernst, Jr., of New York City (George C. Wildermuth, of Brooklyn, N. Y., and Julius L. Goldstein, of New York City, of counsel), for Richmond Screw Anchor Co., Inc.

Before L. HAND, CHASE, and FRANK, Circuit Judges.

FRANK, Circuit Judge.

■ 1. It does not follow that, merely because each side moves for a summary judgment, there is no issue of material fact. For, although a defendant may, on his own motion, assert that, accepting his legal theory, the facts are undisputed, he may be able and should always be allowed to show that, if plaintiff's legal theory be adopted, a genuine dispute as to a material fact exists.[1] As judgment here was on plaintiff's motion, we must therefore decide whether, adopting its legal theory, there was no such dispute. We are satisfied there was none.

■■ 2. We take it as admitted that the company was not legally obligated to pay the bonuses, that the employees knew the payments were not contractual, and that the company would have discontinued them "if and when the company finances indicated an unhealthy condition." But the undenied, crucial fact here is that in fact they were regularly paid. Although the employees knew they could not legally compel the company to make those payments, no one can doubt that the employees assumed that, in the normal course of events, the employees would receive them. That seems to us to be enough to constitute them part of "the regular rate at which" the men were employed. Walling v. Harnischfeger Corp., 325 U.S. 427, 65 S.Ct. 1246, 1250; Walling v. Youngerman-Reynolds Hardwood Company, 325 U.S. 419, 65 S.Ct. 1242, 1250; Walling v. Helmerich & Payne, 323 U.S. 37, 65 S.Ct. 11.[2] To be sure, the Supreme Court has not yet considered a bonus arrangement involving no contractual obligation; but, interpreting those decisions as best we can,[3] their implication, coupled with the language of § 7 (a)(3), seems to us to require the conclusion we have reached.[4] We agree with the

---

[1] So, too, may the plaintiff show on defendant's motion.

[2] Cf. Walling v. Stone, 7 Cir., 131 F. 2d 461, 464; Carleton Screw Products Co. v. Fleming, 8 Cir., 126 F.2d 537, 541.

[3] As to our moon-like reflecting function in interpreting Supreme Court decisions, see Choate v. Commissioner, 2 Cir., 129 F.2d 684, 686; Fleming v. Post, 2 Cir., 146 F.2d 441, 443, 158 A.L.R. 1384; see also Perkins v. Endicott Johnson Corp., 2 Cir., 128 F.2d 208, 218; Picard v. United Aircraft Corp., 2 Cir., 128 F. 2d 632, 636; Zalkind v. Scheiman, 2 Cir., 139 F.2d 895, 903; 50 Yale L.J. (1941) 1448.

[4] We agree with the statement in Walling v. Uhlmann Grain Co., 7 Cir., 151 F.2d 381, 383 that the Supreme Court has restricted Walling v. A. H. Belo,

district judge that the "good faith" of the employer is immaterial.[5]

In arriving at that conclusion we have given appropriate weight to the administrator's official interpretation.[6] This interpretation spoke not only of a bonus which the employer "promises" or "agrees" to pay, but also of one which he "arranges" to pay. If, said the Administrator, the employer pays a bonus "without having previously * * * arranged" to do so, then it does not count, but it does count if he "arranges" to grant a bonus with regularity and if the amount thereof "may be ascertained by the application of a formula." That interpretation, which is not unreasonable,[7] fits this case.

Affirmed.

316 U.S. 624, 62 S.Ct. 1223, 86 L.Ed. 1716, to cases involving "an identical state of facts."

[5] Cf. Walling v. Youngerman-Reynolds Hardwood Co., supra, 325 U.S. 425, 65 S.Ct. 1242, 1250.

[6] Overnight Motor Co. v. Missel, 316 U.S. 572, 580, 581, 62 S.Ct. 1216, at page 1221, 86 L.Ed. 1682 note 17; Walling v. Helmerich & Payne, 323 U.S. 37 at pages 42, 43, 65 S.Ct. 11, at page 14, note 5; Skidmore v. Swift & Co., 323

U.S. 134, 137, 138, 139, 140, 65 S.Ct. 161; Jewell Ridge Coal Corp. v. Local No. 6167, United Mine Workers of America, 325 U.S. 161, 169, 65 S.Ct. 1063; Social Security Board v. Nierotko, 66 S.Ct. 637; Fishgold v. Sullivan Drydock & Repair Corp., 2 Cir., 154 F.2d 785.

[7] Cf. Duquesne Warehouse Co. v. Railroad Retirement Board, 2 Cir., 148 F. 2d 473, 479, 481, 487–488.