SKIDMORE et al. v. JOHN J. CASALE, Inc.

MOONEY et al. v. JOHN J. CASALE, Inc.

No. 167, Docket 20465.

Circuit Court of Appeals, Second Circuit.

March 6, 1947.

Writ of Certiorari Denied April 28, 1947.

See 67 S.Ct. 1205.

Before LEARNED HAND, AUGUS-
TUS N. HAND and FRANK, Circuit
Judges.

H. R. Korey, of New York City (Emanuel Tacker, of New York City, of counsel), for appellees.

Charles E. Cotterill, of New York City (Irwin D. Davidson, of New York City, of counsel), for appellant.

FRANK, Circuit Judge.

1. The first question is whether the court below was correct in its conclusion that the successful plaintiffs in this action were engaged in interstate commerce within the meaning of the Fair Labor Standards Act. Section 7 of the Act, 29 U.S.C.A. § 207, provides that overtime compensation must be given by an employer to "any of his employees who is engaged in commerce or in the production of goods for commerce." As it is conceded that the plaintiff-employees are not engaged in the production of goods, we limit our inquiry to the scope of the words "engaged in commerce." Defendant argues that its employees could not reasonably be said to be engaged in commerce, since defendant itself is not. To answer this contention we must review the recent Supreme Court cases dealing with the matter. In Overstreet v. North Shore Corp., 318 U.S. 125, 63 S.Ct. 494, 87 L.Ed. 656, the employer, a private corporation, owned and operated a tollbridge, located wholly within the State of Florida, which accommodated a substantial amount of interstate traffic. The employees in question maintained and operated the bridge. The court found that their work on an "instrumentality of interstate commerce" was so closely related to the interstate movement that they were "employed in commerce." It went on to say (318 U.S. p. 132, 63 S.Ct. 494, 499), that it was immaterial whether or not the corporation itself might be said to be engaged in commerce, since the nature of the employees' activities, not that of the employer, is the determinative factor. See also Walling v. Jacksonville Paper Co., 317 U.S. 564, 571, 63 S.Ct. 332, 87 L.Ed. 460; Pedersen v. J. F. Fitzgerald Construction Co., 318 U.S. 740, 742, 63 S.Ct. 558, 87 L.Ed. 1119; McLeod v. Threlkeld, 319 U.S. 491, 63 S.Ct. 1248, 87 L.Ed. 1538. The recent decision in Boutell v. Walling, 327 U.S. 463, 66 S.Ct. 631, is most closely analogous to the instant case. The employees of the Boutell Service Company were employed at a large garage where they were engaged in the servicing of transportation equipment used exclusively in interstate commerce. The only essential distinction between the Boutell case and the instant case is the amount of work done on vehicles travelling in interstate commerce. But in Walling v.

Jacksonville Paper Co. it was said (317 U. S. at pages 571, 572, 63 S.Ct. 337), "If a *substantial* [1] part of an employee's activities related to goods whose movement in the channels of interstate commerce was established by the test we have described, he is covered by the Act." It follows, we think, that the distinction between "all" and a "substantial amount" is of no importance, and that therefore the holding in the Boutell case that the employees were "engaged in commerce," though their employer was not so engaged, is decisive here.

This does not mean that all the employees at the defendant's garages are within the protection of the Act. In the Boutell case there was no question as to the amount of work done on vehicles used in interstate commerce; here it is apparent that not all the work done was work on trucks used interstate. The language quoted above from Walling v. Jacksonville Paper Co. seems to us to require that a substantial amount of the work of each employee must be related to interstate commerce. In Mabee v. White Plains Publishing Co., 327 U.S. 178, 66 S.Ct. 511, it was held that the shipment of one-tenth of 1% of the output of a newspaper publisher was sufficient to justify the classification of the publisher-employer as a producer of goods for commerce. The Court then pointed out (pp. 184, 185) that it was still necessary to have a finding as to whether the individual employees were actually engaged in the production of goods for commerce, citing the passage from Walling v. Jacksonville Paper Co. which we have quoted above. From this it would appear that while a minimal amount of production for shipment interstate will suffice for the purpose of classifying the employer, nevertheless it must be shown that the work of the individual employee which relates to that minimal amount forms a substantial amount of all the work done by that employee. In the instant case, where there is no showing that the work on trucks used interstate was segregated from work done on trucks not so used, it is necessary to determine whether the trucks were substan-

tially used interstate in order to determine whether a substantial portion of the individual employee's time was related to interstate commerce.

█ As to all the garages except the 107th Street garage, the trial judge found that the interstate use of the trucks there housed was substantial. We think that the evidence justified the finding. Appellant argues that substantial use means at least 20% of the aggregate. We do not agree. Nothing in the Act requires any such percentage. The cases [2] which applied the Administrator's standard of 20% for determining whether a substantial portion of any building is devoted to production for interstate commerce are not pertinent here.

█ There was no evidence that the work on the trucks used in interstate commerce was separate from that on trucks used only intrastate, and it appears that all the employees worked on all the trucks housed at the garages in which they were employed. The trial judge found that the work on these trucks was constant and not sporadic; and it was proper for him to infer, as he did, that each of the employees spent a substantial amount of time on trucks used in interstate commerce, Guess v. Montague, 4 Cir., 140 F.2d 500, 504; Walling v. Mutual Wholesale Food & Supply Co., 8 Cir., 141 F.2d 331. True, Walling v. Jacksonville Paper Co. (supra) gives no definition of "substantial" in this context; but we think it is the converse of "insubstantial" or "unimportant." Cf. Mid-Continent Petroleum Corp. v. Keen, 8 Cir., 157 F.2d 310, 316, in which one-half hour a week was held to be "substantial," and Southern Cal. Freight Lines v. McKeown, 9 Cir., 148 F.2d 890, cert. den. 326 U.S. 736, 66 S.Ct. 48, in which 7% of the employee's activities was held "substantial."

█ The trial judge made no finding as to the amount of work done on vehicles used in interstate commerce by those of the plaintiffs employed at the 107th Street garage. Any such finding was precluded by his mistaken understanding that no evi-

---

[1] Emphasis added.

[2] Callus v. 10 East 40th St. Building, Inc., 2 Cir., 146 F.2d 438; Fleming v. Post, 2 Cir., 146 F.2d 441, 158 A.L.R. 1384.

dence had been offered as to any interstate use of trucks kept at that garage. Since the record contains evidence indicating that there was some such use, we must reverse and remand for a finding as to the extent of that use, and whether it was sufficient to bring the employees who worked at that garage within the Act.

■■ The suit was properly dismissed as to Olton, the porter, who took care of the washrooms and lockers in one of the garages. An employee is engaged in interstate commerce if his activities are "so intimately related to interstate commerce 'as to be in practice and in legal contemplation a part of it' "; Overstreet v. Northshore Corp., supra, 318 U.S. at page 130, 63 S.Ct. at page 498. In McLeod v. Threlkeld, 319 U.S. 491, 63 S.Ct. 1248, 87 L.Ed. 1538, it was held that a cook, working for an independent contractor who had contracted to feed the maintenance of way employees of an interstate railroad, was not so closely connected with interstate commerce as to come within the test set out above. We do not see that a porter working in a garage where interstate vehicles are serviced is any less remote from interstate commerce than was the plaintiff in McLeod v. Threlkeld.[3]

■ The only remaining question is the reasonableness of the attorney's fee. We have considerable doubt as to the validity of the contingent fee agreement; for it may well be that Congress intended that an employee's recovery should be net, and that therefore the lawyer's compensation should come solely from the employer. But that question is not before us. The question here is whether the amount exacted from the employer is reasonable; the employer has no concern with the fee-relations between the employees and their counsel.

We think the award of $7,000 was reasonable.

Reversed and remanded as to the 107th Street garage and those of the plaintiffs affected thereby; otherwise affirmed.

Affirmed in part; reversed and remanded in part.

L. HAND, Circuit Judge (concurring).

Were it not for the passage relied upon by my brothers from Walling v. Jacksonville Paper Co.,[1] I should have said that, as soon as an employee was shown to be "engaged in interstate commerce" to any extent whatever, he was entitled to the protection of the Act. In that regard I should distinguish between him and an employee who was "engaged in the production of goods for commerce"; the second has a remoter relation to "commerce" than the first, and it is reasonable to require of him the devotion of more of his time to "commerce." But, once an employee was proved to be "engaged in commerce," I should have thought that the case ended. For that I should particularly rely upon Mabee v. White Plains Publishing Co.,[2] a fortiori because that decision concerned whether an employer was "engaged in the production of goods for commerce." And I am left still more in doubt, because the passage on which we are relying did not relate to the real issue which the court was deciding in Walling v. Jacksonville Paper Co., supra,[3] but was thrown out in passing. Nevertheless, the qualification, "substantial," was mentioned as though the law was already so settled, and although the supporting citation was a decision[4] touching the "production of goods for commerce" and not engagement "in interstate commerce," I do not feel free to disregard it. Therefore, as to the 107th Street Garage I yield my own judgment and join in sending back the case as to the employee there employed.

---

[3] Mornford v. Andrews, 5 Cir., 151 F.2d 511 is not in point. There the plaintiff was a porter in a bus terminal, which was itself an "instrumentality of commerce."

[1] 317 U.S. 564, 571, 572, 63 S.Ct. 332, 87 L.Ed. 460.

[2] 327 U.S. 178, 66 S.Ct. 511.

[3] 317 U.S. 564, 63 S.Ct. 332, 87 L. Ed. 460.

[4] Kirschbaum Co. v. Walling, 316 U.S. 517, 62 S.Ct. 1116, 86 L.Ed. 1638.