## PHELAN v. BRADBURY BLDG. CORPORATION.

District Court, S. D. New York.

July 14, 1947.

Moses M. Cohen, of New York City, for plaintiff.

Spencer & Iserman, of New York City (Thomas P. Morrissey, of New York City, of counsel), for defendant.

GODDARD, District Judge.

This is a motion to vacate and set aside a judgment entered on the stipulation of the parties and for an order restoring the case to the trial calendar.

The complaint was filed on November 20, 1943, to recover $686.40 alleged to be due plaintiff as overtime pay, together with an equal amount as liquidated damages and counsel fee under the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq. It alleged that plaintiff was employed by the defendant in its building known as 142 Fifth Avenue and 3 West 19th Street, New York City "as a building maintenance and operating employee"; that the defendant in the operation of the building was engaged in interstate commerce; that during the period from October 24, 1938, to September 30, 1942, plaintiff worked 1320 hours overtime for which he should have been paid $686.40, but which defendant refused to pay.

The answer consisted of a general denial and a separate defense that plaintiff was an executive or administrative employee within the meaning of the Fair Labor Standards Act. 29 U.S.C.A. § 213(a).

On March 14, 1944, the parties and their respective attorneys entered into a stipulation which included the following:

"That plaintiff had been employed by defendant as its building superintendent from October 24, 1938 to September 30, 1942 at a salary of $50 a week;

"That plaintiff contends that he was an employee within the terms of the Fair Labor Standards Act and is entitled to overtime compensation in the sum of $686.40;

"That defendant contends the plaintiff was an executive or administrative employee and did not come within the Act and has no valid claim; that even if he did come within the Act defendant disputes the claim for overtime for such period and the amount thereof;

"That in order to effectuate a settlement of the action and disputed claim the defendant agrees to pay plaintiff" and defendant agrees to accept $700 in full payment and satisfaction of and for all services, claims, liquidated damages, including attorney's fees, costs and interests, and compensation, overtime or otherwise, under such Act or otherwise, applicable to the aforementioned period; that judgment may be and shall be entered in favor of plaintiff against defendant in the sum of $700; that said judgment shall provide for the dismissal of the complaint herein in favor of the defendant, on the merits without cost;

"That with the entry of judgment plaintiff shall deliver to defendant, a duly executed satisfaction of judgment and general release and defendant shall pay the amount of said judgment of $700 less withholding tax."

On March 22, 1944, judgment was entered by the clerk of the court for the plaintiff for $700 and dismissing the complaint upon stipulation. Neither the facts nor the stipulation were submitted to a judge for consideration or approval.

In September, 1945, the plaintiff brought suit in the Municipal Court of the City of New York to recover $686.40 as additional overtime pay due him under the Act and for counsel fee of $250. Defendant pleaded a general denial with affirmative defenses of payment, accord and satisfaction, release, res judicata and previous judgment which had been paid, statute of limitation; that plaintiff was an executive or administrative employee within the meaning of the Act. The trial court granted plaintiff recovery; an appeal was taken to the Appellate Term of the Supreme Court which, in December, 1946, reversed the judgment, dismissed the complaint without prejudice to the plaintiff, and relegated plaintiff to

seek redress, if he has any, in the Federal Court and stating that plaintiff's remedy is to apply to the Federal Court to vacate the judgment; that while that judgment stands it is a binding adjudication and the Municipal Court was bound thereby.

On March 24, 1947, plaintiff served this notice of motion to vacate the judgment herein and to restore the case to the trial calendar.

The contention of plaintiff is that the judgment entered in this court with its satisfaction and general release were merely devices to evade the Act, and of no legal effect as only payment of the full amount he is entitled to under the Act can operate as a bar to his claim for overtime compensation. Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 65 S.Ct. 895, 89 L.Ed. 1296, April 9, 1945, held that an employer could not waive a claim for liquidated damages under the Fair Labor Standards Act. D. A. Schulte, Inc., v. Gangi et al., 328 U.S. 108, 66 S.Ct. 925, 90 L.Ed. 1114, 167 A.L.R. 208, April 29, 1945, held that an employer is not relieved from liability for liquidated damages by a compromise or settlement of a bona fide dispute as to coverage of the Act. Failure to pay overtime compensation when due rendered the employer liable not only for the unpaid overtime compensation but also for liquidated damages in an additional amount, and for counsel fees; that this was mandatory, regardless of the good faith of the employer or the reasonableness of his belief that no overtime compensation was owed. Overnight Motor Transp. Co. v. Missel, 316 U.S. 572, 582, 583, 62 S.Ct. 1216, 86 L.Ed. 1682; Rigopoulos v. Kervan, 2 Cir., 140 F.2d 506, 507, 151 A.L.R. 1126; Fleming v. Warshawsky & Co., 7 Cir., 123 F.2d 622; Fleming v. Post, 2 Cir., 146 F.2d 441, 158 A.L.R. 1384.

The principal dispute recited in the stipulation which preceded the entry of the judgment is that the plaintiff contends that his services were within the purview of the Act and that defendant urges that the plaintiff was an executive or administrative employee within the meaning of Section 13(a) of the Act.

As stated above this judgment was entered by the clerk upon the stipulation of the parties on March 22, 1944. The present notice of motion to vacate was served on March 24, 1947, some three years after it was entered. The defendant urges that Rule 60(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, bars this court at this late date from vacating the judgment. Rule 60(b) provides:

"(b) Mistake; Inadvertence; Surprise; Excusable Neglect. On motion the court, upon such terms as are just, may relieve a party or his legal representative from a judgment, order, or proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect. The motion shall be made within a reasonable time, but in no case exceeding six months after such judgment, order, or proceeding was taken. A motion under this subdivision does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court (1) to entertain an action to relieve a party from a judgment, order, or proceeding, or (2) to set aside within one year as provided in Section 57 of the Judicial Code, U.S.C., Title 28, § 118, a judgment obtained against a defendant not actually personally notified."

■ The prime question now presented is whether this judgment is void or voidable. If it is a void judgment this court may vacate it at any time. Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565; Williams v. North Carolina, 325 U.S. 226, 65 S.Ct. 1092, 89 L.Ed. 1577, 157 A.L.R. 1366; Wyman v. Newhouse, 2 Cir., 93 F.2d 313, 115 A.L.R. 460; Moore & Rogers Federal Relief from Civil Judgment, 55 Yale, L.J. 623, 631, 644, 645, 692; Freeman on Judgments, 5th Ed., Vol. 1, pp. 387, 445. The test to be applied is whether at the time the judgment was entered the court was duly constituted, the court had jurisdiction over the subject matter as well as the parties, and finally whether the court had the power to grant the relief contained in the judgment. United States v. Turner, 8 Cir., 47 F.2d 86, and cases therein cited; Freeman on Judgments, 5th Ed., pp. 444, 445, 650.

There is no doubt that the court was properly constituted and that it had jurisdic-

tion over both the subject matter and the parties. The only element remaining is whether at the time the judgment was entered it had the power to grant the relief set forth in the judgment.

Prior to the decision on July 20, 1945 of the Circuit Court of Appeals for this Circuit in Gangi v. D. A. Schulte, Inc., 2 Cir., 150 F.2d 694, and affirmed 328 U.S. 108, 66 S.Ct. 925, 90 L.Ed. 1114, 167 A.L.R. 208, April 29, 1945, and Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 65 S.Ct. 895, 89 L.Ed. 1296, April 9, 1945, it was not generally anticipated or believed that it would be judicially determined that bona fide disputes as to coverage of the Fair Labor Standards Act could not be compromised without litigating the dispute. The words of the statute itself did not seem to indicate that compromises, settlements or stipulated judgments were prohibited and void or voidable as contrary to the public policy of the Act. See Judge Rifkind's decision in Gangi v. D. A. Schulte, Inc., D.C., 53 F.Supp. 844; Guess v. Montague, 4 Cir., 140 F.2d 500; Atlantic Co. v. Broughton, et al., 5 Cir., 146 F.2d 480.

■ The court regularly entered and had the power to enter consent judgments in settlement of pending litigations when sanctioned by the court and such judgments have the same force and effect as any other judgment. The Amaranth, 2 Cir., 68 F.2d 893; Pick Mfg. Co. et al v. General Motors Corporation, 7 Cir., 80 F.2d 639; Utah Power & Light Co. v. United States, 42 F.2d 304, 70 Ct. Cl. 391; Metallizing Engineering Co., Inc., v. B. Simon, Inc., et al, D. C., 67 F.Supp. 566; Freeman on Judgments, 5th Ed., Vol. 3, Section 1350.

This is not a dismissal or compromise of a class action which may not be done without approval of the court. Rule 23, Federal Rules Civil Procedure, Rule 41, Federal Rules Civil Procedure, applies, and it provides for voluntary dismissal of an action, upon stipulation of the parties involved, without order of court.

■ It may be that this judgment, if entered after the decisions in D. A. Schulte, Inc., v. Gangi, 328 U.S. 108, 115, 66 S.Ct. 925, 90 L.Ed. 1114, 167 A.L.R. 208, and in Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 710, 65 S.Ct. 895, 89 L.Ed. 1296, and prior to the Portal to Portal Act of May 14, 1947, 29 U.S.C.A. § 251 et seq., would have been void. Nevertheless I think that at the time this judgment was entered the court was not without power to enter the judgment granting the relief therein set forth. At the time that this plaintiff knowingly stipulated for the entry of this judgment the Wage and Hour Administrator had issued an Opinion Letter indicating that a building superintendent in sole charge of an office building was employed in a bona fide executive capacity under the Fair Labor Standards Act. W. & H. Opinion Letter January 31, 1943 [C. C. H. Labor Law Services, 3rd Ed. Vol. 2, p. 25,507, par. 25,526,557]. This Opinion Letter apparently caused both parties to believe as well as act on the belief that there was a serious doubt as to plaintiff's right to recover under the Fair Labor Standards Act. Some two years later the Circuit Court of this Circuit handed down the decision of Schmidt v. Emigrant Industrial Savings Bank, 2 Cir., 148 F.2d 294, which in substance held that a building superintendent who performed mostly menial tasks and exercised very little supervision over others was not an executive and was within the Act. It therefore appeared that subsequent to the entry of this stipulated judgment the Circuit Court of this Circuit rendered a decision which indicated that the plaintiff may have had a good cause of action. However, this does not render the judgment void. A change in the interpretation of the law applicable to the case, subsequent to the entry of judgment, is not cause for vacation of that judgment. Cf. Scotten v. Littlefield, 235 U.S. 407, 35 S.Ct. 125, 59 L.Ed. 289; United States v. Mayer, 235 U.S. 55, 68-69, 35 S.Ct. 16, 59 L.Ed. 129; Sibbald v. United States, 12 Pet. 488, 37 U.S. 488, 9 L.Ed. 1167; Safeway Stores v. Coe, 78 U.S.App.D.C. 19, 136 F.2d 771, 148 A.L.R. 782; Travis County v. King Iron Bridge & Manufacturing Co., 5 Cir., 92 F. 690, certiorari denied 174 U.S. 801, 19 S.Ct. 887, 43 L.Ed. 1187; Nachod & United States Signal Co. v. Automatic Signal Corp., D.C., 32 F.Supp. 588; Fleming v. Miller, D.C., 47

F.Supp. 1104, reversed on other grounds Walling v. Miller, 8 Cir., 138 F.2d 629, certiorari denied Miller v. Walling, 321 U.S. 784, 64 S.Ct. 781, 88 L.Ed. 1076.

It therefore appears the judgment at most is merely voidable and since this motion to vacate is not made until more than three years after the entry of the judgment, the court is limited by Rule 60(b) of the Federal Rules of Civil Procedure and lacks power to now vacate the judgment. Wallace v. United States, 2 Cir., 142 F.2d 240, certiorari denied 323 U.S. 712, 65 S. Ct. 37, 89 L.Ed. 573; Johnson v. Masonic Bldg. Co., 5 Cir., 138 F.2d 817, certiorari denied 321 U.S. 780, 64 S.Ct. 621, 88 L.Ed. 1072; Walling v. Miller, 8 Cir., 138 F.2d 629, certiorari denied 321 U.S. 784, 64 S.Ct. 781, 88 L.Ed. 1076. See United States v. Radio Corporation of America, D. C., 46 F.Supp. 654, appeal dismissed 318 U.S. 796, 63 S.Ct. 851, 87 L.Ed. 1161; Moore & Rogers Federal Relief from Civil Judgments, 55 Yale L.J. 623.

It is unnecessary for present purposes to consider the effect of the provisions of the Portal to Portal Act of May 14, 1947, which permit the compromise of certain existing claims under the Fair Labor Standards Act; nor the effect of the provisions of the Portal to Portal Act which relieves the employer of liability if he pleads and proves that he acted in conformity and in reliance upon an Administrative regulation or ruling.

The plaintiff's motion is accordingly denied.

Settle order on notice.