251 F.2d 462
 D. W. GOODMAN and Robert Vejans, Individually and as Partners, d/b/a Court House Auto Supply, Appellants,
v.
James P. MITCHELL, Secretary of Labor, United States Department of Labor, Appellee.
 No. 16852.
 United States Court of Appeals Fifth Circuit.
 January 21, 1958.
 
 Harold B. Berman, Dallas, Tex., for appellants.
 Earl Street, Reg. Atty., Dept. of Labor, Dallas, Tex., Bessie Margolin, Asst. Sol., Dept. of Labor, Washington, D. C., Stuart Rothman, Solicitor, Sylvia S. Ellison, Anna K. Johnston, Attorneys, United States Department of Labor, Washington, D. C., for appellee.
 Before HUTCHESON, Chief Judge, TUTTLE, Circuit Judge, and HANNAY, District Judge.
 PER CURIAM.
 
 
 1
 Brought under the Fair Labor Standards Act, 29 U.S.C.A. Sec. 201 et seq., on behalf of one Tobbie Tyler Jones, an employee of defendants, the suit was for deficiencies resulting from the failure of defendants to pay him the minimum wages and overtime compensation which it was claimed was due him under the Act.
 
 
 2
 Denying that Jones's employment was within the general coverage of the Act and invoking as specific defenses the provisions of Sec. 13(a) (1) and 13(a) (2) of the Act[1] defendants joined vigorous issue with plaintiff's claims, the cause was tried to the court without a jury and there was a judgment for $595.17.
 
 
 3
 Appealing from the judgment, defendants are here urging as point one that the court erred in finding coverage, as point three that the court erred in not finding that, because of the exemptions invoked by them, the act did not apply, and as point two that the court erred in denying the appellants the right to introduce evidence to prove the exemption claimed by them under their point three.
 
 
 4
 Though the monetary amount involved in this appeal is small, the issues it raises have been presented on both sides with the utmost thoroughness and vigor and as earnestly and adequately argued and briefed.
 
 
 5
 Full and careful consideration of the record in the light of this presentation convinces us that the parties are not in any real dispute as to the law of the cases,[2] and that their real controversy is upon its application to the facts of this case. Because, therefore, we are of the clear opinion that the case presents merely a controversy, not over the facts because, as facts, they are not really in dispute, but over their effect, and because we are in no doubt that the district judge was, upon the evidence, clearly right in finding and holding that Jones's employment was within the general coverage of the Act, we will not set out or discuss the evidence offered on this issue.
 
 
 6
 The same careful consideration convinces us that, under the undisputed testimony, appellants' was not a retail establishment, within the meaning of 13(a) (2) of the Act, nor was Jones, who was their sole employee, employed in a local retail capacity within the meaning of Sec. 13(a) (1) of the Act, and for the same reason we will not undertake to set out or discuss the testimony bearing on these issues.
 
 
 7
 Of appellants' point two, it is sufficient to say that the record does not sustain the position taken by them, that they were prevented from introducing or deprived of the benefit of any evidence having any real or effective bearing upon the issues presented in their point three.
 
 
 8
 No error appearing, the judgment is affirmed.
 
 
 
 Notes:
 
 
 [1]
 29 U.S.C.A. Sec. 213(a) (1) and (a) (2)
 
 
 [2]
 Some of which are Fleming v. Jacksonville Paper Co., 5 Cir., 128 F.2d 395; Walling v. Jacksonville Paper Co., 317 U.S. 564, 63 S.Ct. 332, 87 L.Ed. 460; Mitchell v. Royal Baking Co., 5 Cir., 219 F.2d 532; Stewart-Jordan Distributing Co. v. Tobin, 5 Cir., 210 F.2d 427; Southern California Freight Lines v. McKeown, 9 Cir., 148 F.2d 890; McComb v. Blue Star Auto Stores, 7 Cir., 164 F.2d 329; McComb v. W. E. Wright Co., 6 Cir., 168 F.2d 40